· (March 11, 1889.)

UNITED STATES EX REL. McDONALD, DISTRICT ATTOR-
NEY, v. SHOUP ET AL.

[21 Pac. 656.]

PARTIES TO ACTION—COUNTY MUST BE SUED IN CORPORATE NAME.—
An action by a county must be in its corporate name.   Since the
1st of June, 1887, the date when the Revised Statutes of Idaho
went into effect, an action for the benefit of a county, and where
the demand sued upon is a property of the county, must be in the
corporate name of the county.

REFORMATION OF INSTRUMENT SUED ON.—A bond payable to the
people of the United States will not sustain a judgment in favor
of the people of the United States of the territory of Idaho.   Be-
fore such judgment can be allowed, the instrument must be re-
formed.

GENERAL DENIAL—UNVERIFIED COMPLAINT.—A complaint by a pub-
lic officer, in his official capacity, need not be verified, but the
answer to it must be verified, unless it also be by a public officer
in his official capacity, but if the complaint be not in fact veri-
fied, a general and not specific verified answer may put in issue
the main allegations of the complaint under section 4183 of the
Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

This is an appeal from the judgment of the district court in
and for Lemhi county, rendered April 26, 1888, in favor of the
plaintiffs, and against the defendants severally, in the sum of
$500 each.   The action was commenced July 14, 1887.   The
defendants on the twenty-eighth day of December, 1887, ap-

peared by their attorney, C. A. Wood, Esq., and filed a de-
murrer to the amended complaint, which amended complaint
had been filed on the nineteenth day of that month.   The com-
plaint set up a bond executed by the defendants, November 26,
1886, in the penal sum of $2,500, which the defendants prom-
ised to pay in sums of $500 each, conditioned for the appear-
ance of one Thomas McKinney, to answer to a criminal charge,
in whatsoever court, etc., and to hold himself amenable to the
orders, etc.   The proceedings in which the bond is taken were
regular, and authorized the taking of such bond as plaintiffs
say this was intended to be.   The bond was in form as described
by section 499 of the Criminal Code of Idaho territory (Revised
Laws, 8th Sess.), except that it was, by its terms, payable to
"the people of the United States," instead of to "the people of
the United States of the territory of Idaho."   The complaint,
which was not verified, admits this deficiency, but alleges that
the defect was caused by mistake of all parties to it; and that
the prosecutor and all the defendants intended it to be in stat-
utory form; and prays that (1) the bond be reformed by add-
ing to it, after the words "United States," the words "of the
territory of Idaho," as the obligees of said bond; (2) that the
plaintiffs have judgment upon the bond.   To this complaint
the defendants demurred, and state, as grounds of demurrer:
1. That the plaintiffs have not the legal capacity to sue; 2.
that the complaint does not state facts sufficient to constitute a
cause of action.   The demurrer was overruled by the court, and
the defendants excepted; whereupon the defendants answered
as follows: The defendants, in answer to the complaint of the
plaintiffs herein, "deny each and every allegation therein con-
tained," which answer was duly verified.   On the twenty-sixth
day of April, 1888, the plaintiffs by their counsel, said district
attorney, moved for judgment on the pleadings, on the ground
that the answer was only general, and not a specific denial of
the allegations of the complaint.   The motion was sustained,
and judgment was entered against the defendants in the sum of
$500 each; to all of which the defendants excepted.

Charles A. Wood, for Appellants.

If a condition prescribed by statute is omitted, the bond is
void, although the surety is benefited.   (*Alexander v. Bates,* 33

Ga. 125; *State v. McCown,* 24 W. Va. 625.) If the recogniz-ance is not authorized by law, or if the court had no authority to take it, it is void. (*Keppler v. State,* 14 Tex. App. 173; *Phelps v. Parks,* 4 Vt. 488; *Nicholson v. State,* 2 Ga. 363.) If the answer was sham or frivolous, or improper for any other reason, it should have been stricken out; but so long as the an-swer remained on the records, denying any of the material al-legations of the complaint, the court had no authority to order judgment on the pleadings. (*Reich v. Mining Co.,* 3 Utah, 254, 2 Pac. 703: *Prost v. More,* 40 Cal. 347; *Hicks v. Lovell,* 64 Cal. 14, 49 Am. Rep. 679, 27 Pac. 942.)

R. Z. Johnson, Attorney General, and Henry Z. Johnson, (James H. Hawley, of Counsel), for Respondents.

As the complaint shows that the defendants secured the dis-charge of their principal by the execution of the bond in ques-tion, neither said principal nor the defendants were prejudiced by the clerical error in the bond. (*People v. Myers,* 1 Idaho, 357; *Huffman v. Koppelkom,* 8 Neb. 344, 1 N. W. 243; *Kopplekom v. Huffman,* 12 Neb. 95, 10 N. W. 577; *State v. Soudriette,* 105 Ind. 306, 4 N. E. 860; *Gorman v. State,* 38 Tex. 112, 19 Am. Rep. 29; Murfree on Official Bonds, sec. 62.) The sureties can-not set up as a defense the fact that the amounts in which they justified were insufficient under the statute. The justification is no part of their contract. (*People v. Carpenter,* 7 Cal. 402; *People v. Shirley,* 18 Cal. 121; *People v. Penniman,* 37 Cal. 271; *Murdock v. Brooks,* 38 Cal. 603; Brandt on Guaranty and Suretyship, secs. 439, 440.) Although the complaint was not verified, the territory being plaintiff, the statute required the defendants to verify their answer. (Rev. Stats., sec. 4199.) A general denial in a verified answer is sham and frivolous, and may be stricken out or disregarded. (*People v. Hagar,* 52 Cal. 171, 175, 182; *Lumber Co. v. Richardson,* 31 Minn. 267, 17 N. W. 388.) Whenever the answer fails to deny any of the material allegations of the complaint in such form as to put the same in issue, the plaintiff is entitled to judgment upon the pleadings. (*Doll v. Good,* 38 Cal. 287; *Fitzgibbon v. Calvert,* 39 Cal. 261; *Felch v. Beaudry,* 40 Cal. 443.)

BERRY, J. (After Stating the Facts.)—The first question is
whether the action is brought in the name of the proper plain-
tiff. It is conceded that the county of Lemhi, Idaho territory,
is the party in interest, and for whose benefit the action is
brought. Whatever was the practice as it stood prior to the
first day of June, 1887, the statutes on which that practice
rested were either repealed, or superseded, by the Revised Stat-
utes, which went into effect June 1, 1887. By section 4090 all
actions must be brought in the name of the party in interest.
By section 1732 all acts respecting the property and rights of
the counties shall be in the names of the respective counties.
And by section 1733 counties may sue and be sued. It seems,
therefore, that the county is not only authorized to sue in its
own name, but is required to do so; and that this action should
have been brought in the name of Lemhi county. But it is
objected further that the bond does not run to the county of
Lemhi, or even to the people of the territory of Idaho, but to
the people of the "United States," and that such a bond was
unauthorized by the laws; that as to the meaning of the parties
to this bond the court cannot from the words alone take judicial
knowledge that the bond was intended to run otherwise than it
was in fact drawn. The bond, if a judgment was to be rendered
upon it in favor of the people of the territory of Idaho, or for
the benefit of Lemhi county, should have been reformed. It
was not reformed; and, as it stood when judgment was rendered,
would not sustain a judgment in favor of the people of the
United States in the territory of Idaho. A bond in this form
was unknown to the laws; and only on reformation could it
have any validity whatever. But it is claimed that it is al-
leged in the complaint that it was the intention of all parties
to it to make it payable as provided by section 498 of the Laws
of the Eighth Session, and that such fact is admitted. Even if
such were the case (which the defendants do not admit), the
bond should have been reformed as prayed in the complaint,
before a judgment should have been rendered. In some way
it should appear in the action of the court that the promise
was for the benefit of the party demanding judgment upon such
promise. There should have been a formal reformation of the

bond, even if, as the respondent contends, the answer was not sufficiently specific. But was not the answer sufficient to put in issue each material fact of the complaint? Whatever may be thought of the intention of the parties, we must still look to what they did, and for this, first, to the pleadings. The allegations of the complaint are that by mutual mistake there was a defect in stating in the bond the name of the obligee; and which allegation, if adjudged to be true, might cure that alleged defect in the judgment. The answer, as to every material allegation in the complaint (Idaho Rev. Stats., secs. 4183, 4184), is good, as a general denial. But it is not a specific denial of each allegation controverted; hence, if the complaint is verified, the answer is open to the objection of insufficiency. The learned judge in the court below seems to have taken the view that the complaint was verified, and that the answer should be wholly disregarded. While it is not specifically stated for what cause he ignores the answer, we may suppose it was for want of compliance with the statute (section 4183), in not being specific in denial of each material allegation of the complaint controverted. If such holding is correct, it must be for the reason that in this case a general answer is denied to the defendants. Section 4199 of the Revised Statutes provides that when an action is brought in the name of an officer of the territory, and for the public, the complaint need not be verified; but the defendant, unless he also be an officer, or answering in his official capacity, must verify his answer. The statute goes no further on that point than merely to excuse such officer from verifying his pleading, and of requiring unofficial parties to verify. The statute does not "verify the complaint," as the respondent claims. The officer is excused from verification for reasons growing out of the fact that his relations to the subject matter are official, and not personal. If he desires, he may verify; and then his pleading will be a verified pleading, and will entitle him to whatever advantage may result from that fact. But if he do not verify, his pleading, for all purposes, except as to the single matter of verification alone, differs in nothing from an ordinary unverified pleading. In this case the defendants were entitled to interpose either a general or specific

denial of the material allegations of the complaint, controverted by the defendant. (Rev. Stats., sec. 4183, subd. 1.) The answer was good, and the action of the court below was therefore error. From the view taken of the points here noted, it is apparent that the judgment cannot be sustained. Judgment reversed.