(June 24, 1897.)

## RICE v. GWINN.

[49 Pac. 412.]

MAYOR MUST SIGN WARRANT ORDERED ISSUED BY COUNCIL.—Where the council of a city organized under the "act for the organization of cities and villages" (3d Sess. Laws of Idaho), have passed upon and allowed a claim against such city, and ordered a warrant upon the city treasury to issue for the amount thereof, it is the duty of the mayor, on the presentation of such warrant to him for that purpose, to sign the same, and the performance of such duty may be enforced by *mandamus.*

COUNCIL AUTHORIZED TO EMPLOY COUNSEL TO PROTECT ITS INTERESTS.— When an exigency arises involving the corporate existence of a city, and such city finds itself without an attorney, it is within the powers of the mayor and council of such city to employ counsel to protect its interests in such contingency, and their action therein will not be defeated on account of a failure to comply with all the technical details incident to the employment of counsel in ordinary cases.

(Syllabus by the court.)

APPEAL from District Court, Canyon County.

Lot L. Feltham, for Appellant.

This case is an application for a writ of mandate commanding Montie B. Gwinn, mayor of the city of Caldwell, to sign

as mayor a certain warrant drawn on the general fund of the city of Caldwell for the sum of $140 payable to John C. Rice, respondent, on account of a claim allowed him by the board of councilmen of said city for services alleged to have been rendered and for costs advanced by him in the case of *C. M. Hays, district attorney, plaintiff v. A. K. Steunenberg et al., defendants*, under an alleged contract with one T. C. Egleston, on the part of said city. It is provided in section 63 of the City and Village Laws, Second Session, page 110: "The city or village clerk shall have the custody of all laws and ordinances and shall keep a correct journal of the proceedings of the council or board of trustees." Section 76 of same act provides: "On the passage or adoption of every by-law or ordinance, and every resolution or order to enter into a contract by the council or board of trustees, the yeas and nays shall be called and recorded, and to pass or adopt any by-law, ordinances, or any resolution or order, a concurrence of a majority of the whole number elected to the council or trustees shall be required." These laws show that the city can contract only in a prescribed way. The official record is the proper evidence of the doings of the meeting, and it is not open to contradiction, enlargement, or explanation by parol. This general rule applies to the records of towns, parishes, school districts and all similar organizations. (1 Beach on Public Corporations, sec. 378; 2 Beach on Public Corporations, sec. 1298; *Halleck v. Boylston*, 117 Mass. 470; *Louisville v. McKegney*, 7 Bush (Ky.), 652; Idaho Rev. Stats., sec. 5977, subd. 5, secs. 5979, 5984.) Parol evidence cannot be admitted to show vote which the record does not show. (*Orford v. Benton*, 36 N. H. 403.) Section 76 of Third Session Laws, page 120, requires that every contract entered into by the council must be recorded by the clerk. An implied promise cannot be raised against a corporation, when by its charter it can only contract in a prescribed way. (1 Dillon on Municipal Corporations, secs. 449, 459, and cases cited in note 2 of sec. 449; *Hampton v. Board of Commrs., Logan Co.*, 4 Idaho, 646, 43 Pac. 326; 1 Dillon on Municipal Corporations, secs. 460, 461; 1 Beach on Public Corporations, sec. 227.) The alleged contract is *ultra vires*, illegal and void. (*East St. Louis v. Thomas*, 11 Ill. App. 283.) The common

council has no power under the charter of the city to subject the city treasury to the payment of salaries to others than legally appointed officers, and every taxpayer of the city must be heard, if in the legal and proper way he asks the inter-position of the court to prevent such unlawful payment. (1 Dillon on Municipal Corporations, sec. 447; 1 Beach on Pub-lic Corporations, secs. 182, 625, 628; *Samis v. King,* 40 Conn. 310; *Seeger v. Nueller,* 133 Ill. 87, 24 N. E. 513; *People v. Feeman,* 30 Barb. (N. Y.) 193; *Lyddy v. Long Island City,* 104 N. Y. 222, 10 N. E. 155; *Smith v. Broderick,* 107 Cal. 644, 48 Am. St. Rep. 167, 40 Pac. 1037.) A contract which is in-valid because not authorized by law cannot be made valid and binding retroactively by any subsequent action of the corporate body, and a liability be thereby fastened upon the corporation. (*Arnott v. City of Spokane,* 6 Wash. 442, 33 Pac. 1065; *Hampton v. Board of Commrs. of Logan Co.,* 4 Idaho, 646, 43 Pac. 324; *Meller v. Board,* 4 Idaho, 44, 35 Pac. 712; *Keller v. Hyde,* 20 Cal. 594; *Chalk v. White,* 4 Wash. 156, 29 Pac. 979; *McFarland v. McCowen,* 98 Cal. 329, 33 Pac. 114; *Von Schmidt v. Widber,* 105 Cal. 151, 38 Pac. 682.)

Rice & Griffiths, for Respondent.

*Mandamus* is the proper remedy to compel a municipal offi-cer to perform a ministerial duty. Under our City and Village Act, the city council is the proper body to liquidate and allow claims against the city, and order them paid. After an order for a warrant is made by the council, the mayor and clerk be-come ministerial officers to carry out the order of the proper authority. Under such circumstances, the mayor should be compelled by *mandamus* to perform his duty. (Sess. Laws, 1893, secs. 80, 81, p. 122; High on Extraordinary Legal Remedies, sec. 351; *People v. Flagg,* 16 Barb. 503; *State v. Richter,* 37 Wis. 275; *Jack v. Moore,* 66 Ala. 184; *Ireland v. Hunnel,* 90 Iowa, 98, 57 N. W. 715.) Under such circumstances the mayor cannot exercise his judgment, or question matters of fact or discretion. But the courts will not compel an officer to do an illegal act. The appellant could defend on one ground only— namely, that the allowance of the claim was without authority of law; in other words, that the warrant shows on its face that

the council exceeded their powers in ordering it drawn. (*Mc-Farland v. McCowen,* 98 Cal. 329, 33 Pac. 113; *McConoughey v. Jackson,* 101 Cal. 265, 40 Am. St. Rep. 53, 35 Pac. 863.) In the absence of statutory restriction, cities have power to employ special counsel. (1 Dillon on Municipal Corporations, 4th ed., sec. 479; *Smith v. Sacramento,* 13 Cal. 531; *Hornblower v. Duden,* 35 Cal. 664; *State v. Peterson,* 40 N. J. L. 186.)

HUSTON, J.—On April 21, 1896, an action was commenced in the district court for the county of Canyon for the purpose of testing the legality of the municipal corporation known as the city of Caldwell as a city of the second class, under the provisions of the laws of Idaho. (Idaho 2d Sess. Laws, p. 97.) Such proceedings were had in said action as resulted in a judgment by said district court to the effect that said city of Caldwell had no legal existence, and that certain parties therein named and designated as trustees of the town of Caldwell were the persons entitled to the offices to which they had been elected under the town organization. And, acquiescing in the judgment of the district court for the time being, the officers of the city of Caldwell yielded up the administration of the affairs of the city of Caldwell as directed by the judgment of the district court. But not having infinite trust and confidence in the correctness of said judgment, the said council of the said city of Caldwell proposed to go further, and appeal from said judgment of the district court to the supreme court of the state. In furtherance of this purpose, they called upon the regularly appointed attorney of said city, one John T. Morrison, who was also a trustee of the town or village organization, to whom the judgment of the district court had relegated the government and control of the said city of Caldwell, and said attorney positively refused further to represent said city of Caldwell in said litigation beyond filing and serving a notice of appeal from said judgment of the district court. In this condition of affairs, the mayor of the city of Caldwell, under and by direction of the council of said city, employed the respondent herein to represent said city in said action in the supreme court of the state, and agreed to pay him a certain compensation therefor. The respondent appeared for the said city of Caldwell in

the supreme court upon said appeal, and by the judgment of said supreme court the judgment and decision of the district court was reversed, and the legal existence of said city of Caldwell was affirmed. On the eleventh day of August, 1896, the respondent presented his account for services rendered as aforesaid under his agreement with said mayor of the city of Caldwell, acting under and by direction of the council of said city, and on the 7th of September said council duly allowed said account, and ordered a warrant for said service to be drawn on the general expense fund of said city, payable to respondent, which warrant was duly drawn by the clerk, and presented to the mayor of said city of Caldwell (the appellant herein) for his signature, and the said mayor then, did, and ever since has, refused to sign said warrant alleging, in excuse of such refusal, that the claim for the payment of which said warrant was allowed is not a legal charge against said city. Thereupon said respondent applied to the district court for writ of *mandamus* commanding said mayor to sign said warrant. The district court ordered the issuance of said writ in accordance with the prayer of the petitioner, and from such judgment and order this appeal is taken.

Counsel have expended much time and labor and have evinced considerable legal learning and research in the presentation of this case. There is but one question in the case: Has the mayor the right or authority to negative or defeat the action of the council by refusing to perform the purely ministerial function of signing a warrant when the issuance of the same has been ordered by the council? It is contended by appellant that the employment of an attorney to represent the city must be made by special contract, which must be evidenced by the records of the council, and it is upon the alleged want of a record of a contract with the respondent that the appellant mainly relies in his contention in this case. We cannot find any support for this contention, as applicable to the facts in this case, either in principle or authority. A municipal corporation had been organized under the provisions of the statute. It had entered upon the discharge of the duties incumbent upon it as prescribed by law. Its legal existence was assailed by certain citizens of the corporation. This proceeding against the munici-

pal corporation had resulted in a judgment of the district court declaring such corporation invalid and nonexistent. To this conclusion, while acquiescing for the time being in the judgment of the court, the officers of the municipal corporation, in the performance of what they conceived to be, and what undoubtedly was, both their right and their duty, concluded to appeal from said judgment of the district court. In pursuit of that purpose they called upon the person who was, by due appointment, the attorney of said municipal corporation, to proceed and prosecute such appeal; but such person positively and emphatically declined to act or move in said matter further than to file and serve a notice of appeal. In this condition of affairs, what was the duty of the officers of the city of Caldwell? They might, perhaps, if they had seen fit so to do, have sat quietly down and acquiesced in the decision of the district court; and had they seen fit to adopt such a course of action, or rather inaction, whether such appeal might or might not have been prosecuted by any taxpayer of the city residing therein it is not necessary here to inquire. It is enough that the officers of the city saw fit to prosecute the appeal, and they further saw fit, through their mayor, to employ the respondent to conduct said appeal on the part of the city. That in such employment of respondent some of the technical details may have been overlooked, or that such employment may have been technically irregular may be conceded; still it is undeniable that the services were rendered, and that the appeal resulted in the reversal of the judgment of the district court, and the establishment of the corporate identity of said city of Caldwell; and, further, that after such judgment of the supreme court the city council of said city of Caldwell, to wit, on the seventh day of September, 1896, allowed the claim of respondent for said services as per said agreement with him made by said mayor under and by direction of said council. All of these facts are found by the district court.

The only objection raised by the appellant which we deem it important to consider is that in the employment of the respondent the council did not follow explicitly and literally the provisions of section 76 of the act concerning the organization of cities and villages. In the view we take of this case, the con-

sideration of this proposition becomes unimportant. That the right to employ counsel, under the facts as found in this case, was inherent in the city council, is, it seems to us, too clear to require argument. That the preliminary steps in the employment of such counsel were irregular would not be sufficient to defeat the claim in the first instance; but the body upon which the law has imposed the duty of passing upon and allowing the claim have acted, have allowed the claim, and ordered the warrant for the amount to be issued. Assuming that under the provisions of section 11 of the act above referred to the mayor might have the authority to veto the allowance of that claim, that would be the utmost limit of his power in that regard. If the city council have passed an illegal claim, the law provides a remedy; but such remedy is not found in the assumption of despotic power by the municipal executive. Section 66 of the act of the second session above referred to provides that "all warrants drawn upon the treasurer must be signed by the mayor." The powers of the mayor are defined by said act, and the right to clog or impede the operations of the city government by refusing to perform a duty imposed upon him by the organic law of the municipality is not among them. It is the duty of the council to pass upon all claims against the city, and in this action the mayor has no part, except in the case of a tie vote. The veto power of the mayor would seem to be limited to ordinances, and it is provided by section 11 of the act referred to: "That any ordinance vetoed by the mayor may be passed over his veto by a vote of two-thirds of the members of the council elected, notwithstanding the veto, and should the mayor neglect or refuse to sign any ordinance and return the same with his objections in writing at the next regular meeting of the council, the same shall become a law without his signature." In this case the mayor did not veto; he just "stood pat." On the presentation to him of a warrant duly issued upon the city treasury by order of the council of such city it is the duty of the mayor to sign the same, and the performance of such duty may be enforced by *mandamus.* The judgment of the district court is affirmed, with costs.

Sullivan, C. J., and Quarles, J., concur.

### ON REHEARING.

QUARLES, J.—We have given the petition for rehearing in this case careful attention. The fact that the former city attorney testified that he had resigned does not take the case out of the application of the rules under which it was decided. The facts warranted the city council in employing counsel to prosecute the appeal without appointing a city attorney. The situation was such that it was not advisable to appoint another city attorney without first procuring a reversal of the judgment of the district court which declared the invalidity of the municipal corporation. Until that judgment should be reversed, there was no occasion for the services of a city attorney. The legal existence of the municipality depending upon a successful appeal from the judgment, a necessity for the employment of the plaintiff, or some other competent attorney, existed, and the council were authorized to make the employment. The employment was irregular, it is true; still the council ratified it by allowing the claim, and it was the duty of the appellant, as mayor, to sign the warrant—a duty that he had no right to refuse to perform. The decision is fully warranted by the authorities cited in the original opinion, as well as by other authority and by the exigencies of the case. A rehearing is denied.

Sullivan, C. J., and Huston, J., concur.