(December 5, 1901.)

## BOISE CITY v. RANDALL.

[66 Pac. 938.]

Parties Plaintiff.—Where a suit is brought against the mayor and common council of a city, and an injunction issued thereon, and thereafter the suit is dismissed by the plaintiff, an action to recover on the injunction bond may be brought in the name of the city, as it is the real party in interest.

No Defense.—It is no defense to an action on an injunction bond to show that the suit in which the writ of injunction was issued was not brought against the proper party.

Want of Jurisdiction.—Want of jurisdiction to grant an injunction is no defense in an action on the bond.

Employment of Special Counsel by City.—When a necessity therefor arises, and the interests of the municipality require it, the city counsel may employ special counsel.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellant.

This action is brought in the name of Boise City, as plaintiff. The undertaking sued upon was given in a suit against M. Alexander, as mayor, and J. D. Jones, and others as the common council of Boise City, and the sureties undertake to pay such costs, etc., as such party may sustain by reason of the injunction, etc. By the terms of this undertaking the appellants, as sureties upon the bond in question, became responsible, not to Boise City, the plaintiff here, but to certain officers of Boise City. It is a principle of the law governing bonds of this kind that the liability of a surety on an injunction bond is strictly construed, and will not be extended by construction beyond the terms of the bond itself. (2 High on Injunctions, 1635, and cited in note 1 as follows: *Ovington v. Smith,* 78 Ill. 250; *Webber v. Wilcox,* 45 Cal. 301; *Tarpey v. Shillenberger,* 10 Cal. 390; *Anderson v. Falconer,* 34 Miss. 257; *Hall v. Williamson,* 9 Ohio St. 17.) The general rule is that other than the persons enjoined are not allowed damages in actions on bonds, although they may be interested in the subject matter of the suit. (*Holloway v. Holloway,* 103 Mo. 274, 285, 15 S. W. 536; *Andrews v. Glenville Woolen Co.,* 50 N. Y. 282; *Richardson v. Allen,* 74 Ga. 719; *Shaver v. McLendon,* 26 Ga. 228.) The corporation must be sued in the corporate name, and not in that of its officers. (*Young v. Barden,* 90 N. C. 424; *Brittan v. Newland,* 2 Dev. & B. 363; *Mauney v. High Shoals Mfg. Co.,* 4 Ired. Eq. 195; *Insurance Co. v. Hicks,* 3 Jones, 58.) Another point we desire to make is that the charter of Boise City provides for the selection of a city attorney. The ninth finding of fact alleges that the money expended and which it is sought to recover from the bondsmen (the appellants here) was paid to Messrs. Kingsbury & Parsons, who were employed in that behalf. No reason is given why the learned attorney, the same gentleman then occupying that position is now in charge of this action on the part of respondents, was not called upon to perform his official duty and defend that action. No reason is given why the charge of said action was placed in the hands of the special counsel named. We urge that a city attorney duly elected, or

appointed and qualified, must, unless some reason exists disqualifying him, have charge of the actions affecting the city, and that no power is vested in a city council authorizing them to ignore the city attorney and place other counsel in charge of an action against the city. Charters of municipal corporations are special grants, and whatever is not given expressly, or as a necessary means to the execution of expressly given power, is withheld. (*Douglas v. Mayor of Placerville,* 18 Cal. 648; *Oakland v. Oakland Waterfront Co.,* 118 Cal. 177, 50 Pac. 277; *Linden v. Case,* 46 Cal. 172; *Foster v. Coleman,* 10 Cal. 279; *County of San Joaquin v. Jones,* 18 Cal. 327; *Robinson v. Supervisors,* 16 Cal. 212; *Smith v. Nashville,* 4 Lea (Tenn.), 69.)

J. J. Blake, for Respondent.

The contract having been made for the benefit of the city, it is the real party in interest, and entitled to bring this action. (Idaho Rev. Stats., sec. 4090; *United States v. Shoup,* 2 Idaho, 493, 21 Pac. 656; *Coffin v. Richards,* 6 Idaho, 741, 59 Pac., 562.) "After parties have obtained an injunction and stayed their adversaries' proceedings, it is too late for them to set up as defense for a suit on an injunction bond the want of jurisdiction to grant the injunction." (*Loomis v. Brown,* 16 Barb. 325.) The power to employ special counsel to appear in litigation in which it may be involved when, in the exercise of a reasonable discretion, the interests of a municipality may require it. The results from the power of which the corporation is invested to make contracts to own property and to incur liabilities in the exercise of which the corporation is liable at any time to be involved in litigation in courts where the respective rights of the parties must be ultimately determined." (*City of Denver v. Webber,* 15 Colo. App. 511, 63 Pac. 804; 1 Dillon on Municipal Corporations, 4th ed., sec. 479; *City of Memphis v. Adams,* 9 Heisk. 526, 24 Am. Rep. 331; Tiedeman on Municipal Corporations, sec. 176; *Ellis v. Washoe Co.,* 7 Nev. 291; *Butternut v. O'Malley,* 50 Wis. 333, 7 N. W. 248; *Rice v. Gwinn,* 5 Idaho, 394, 49 Pac. 412.)

SULLIVAN, J.—This is an action to recover on an injunction bond. It appears from the record that an action was com-

menced in the district court in and for Ada county by one R. E. Emerson against the mayor and common council of Boise City to restrain the defendants, as such officers, from awarding a certain contract for the construction of sewers in said city, and that, for the purpose of securing an injunction therein, said Emerson procured the appellants here to execute an injunction bond for the sum of $250, which bond was duly filed in said action, and a writ of injunction issued and served upon said officers, who were thereby restrained from letting said contract for the construction of said sewers. Thereafter, upon motion of counsel for the plaintiff in said action, said suit was dismissed and judgment of dismissal thereon entered, thus holding or adjudging that said writ of injunction was wrongfully issued. This action is brought in the name of Boise City, as plaintiff, against the sureties on said injunction bond. The cause was tried by the court without a jury, and finding of facts, conclusions of law, and the judgment entered were in favor of the plaintiff. *This appeal is from the judgment.*

Several alleged errors are presented on this appeal. The first we shall consider is that this action is brought in the name of Boise City, and the undertaking sued on was given in a suit where the mayor and common council of said city were defendants. There is nothing in this contention, as said officers were acting in the letting of said sewer contract in their official capacity as mayor and common council of said city, and the sewer contract was for the benefit of the city. The city was the real party in interest, and for that reason is authorized by the provisions of section 4090 of the Revised Statutes to bring this action. (See, also, *United States v. Shoup,* 2 Idaho, 493, 21 Pac. 656.)

Counsel for appellants contend that the suit in which said injunction bond was given was not a suit in which an injunction should issue, and for that reason no recovery can be had on the bond. The appellants cannot now escape liability by attempting to show that said injunction suit was brought against the wrong parties, or that a writ of injunction should not have issued in that action; for by the terms of their bond they agree to pay the damages and reasonable counsel fees, not exceeding $250, such

as the defendants might sustain by reason of the issuance of
said injunction, provided the court "finally decided that the
said plaintiff was not entitled" to said writ of injunction.   Said
defendants obtained the writ of injunction, and stayed the pro-
ceedings of the city in letting said sewer contract, and it is now
too late for them to set up as a defense to an action on said
bond the want of jurisdiction to grant the injunction. (*Loomis
v. Brown,* 16 Barb. 325.)

It is contended that the finding of facts does not conform to
the pleadings and judgment.   After a careful inspection of the
pleadings, finding of facts, and judgment, we have concluded
that the finding of facts is based on the issues made by the
pleadings, and amply sustains the judgment.

The counsel fees, amounting to $250, paid by the city to spe-
cial counsel employed to assist the city attorney in said injunc-
tion suit, was the sum for which the judgment was rendered in
the court below; and it is contended that the city had no au-
thority to employ special counsel, and for that reason the judg-
ment ought to be reversed.   Upon the question of the employ-
ment of special counsel, the court, by its ninth finding of fact,
found as follows: "That by reason of said injunction, and the
issuance of same in said cause wherein R. E. Emerson was
plaintiff and the aforesaid officers of said Boise City were de-
fendants, it became necessary for said Boise City to employ at-
torneys at law to defend the rights and interests of said Boise
City, and to conduct its defense on hearing of a motion to quash
said temporary injunction, and to discharge and dissolve said re-
straining order in said action; that Attorneys at Law Kingsbury
& Parsons were duly employed by said Boise City, and by said
officers acting on behalf and in the interest of said Boise City,
to defend the rights and interests of said Boise City, and to con-
duct its defense on the hearing of said motion to quash said
temporary injunction, and to discharge and dissolve said re-
straining order in said injunction proceedings, and that the
necessary costs and expenses of the same was $250; that said
Boise City has paid the said sum of $250, and was obliged
to pay the same, as counsel fees therein, for services rendered
in securing the dissolution of said temporary injunction; and

that the said fees were reasonable counsel fees in said motion to discharge and to dissolve and to quash said temporary injunction and restraining order in said injunction proceedings; and that said Boise City was thereby damaged to the sum of $250, which was necessarily expended in payment of said counsel fees." There the court found that it became necessary for Boise City to employ special counsel to defend said case. The evidence on which said finding is based is not in the record, and in that case the presumption is there was sufficient evidence to sustain it. We know of no statutory restriction upon the city prohibiting it from employing special counsel when a necessity therefor arises, or the interests of the municipality require it, and counsel for appellants cite none. (See, on this subject, *City of Denver v. Webber,* 15 Colo. App. 511, 63 Pac. 804; 1 Dillon on Municipal Corporations, 4th ed., sec. 479; Tiedeman on Municipal Corporations, sec. 176; *Rice v. Gwinn,* 5 Idaho, 394, 49 Pac. 412.)

We find no error in the record, and the judgment is affirmed, with costs in favor of respondent.

Quarles, C. J., and Stockslager, J., concur.