REVELL *et al.* v. SMITH *et al.*

. No. 354.   Opinion Filed January 11, 1910.

(106 Pac. 863.)

1.    INJUNCTION—Action on Bond — Defenses. Matters whicn go only to the merits of an action to procure an injunction cannot be considered in an action on a bond given in sucn injunction proceeding.

2.    INJUNCTION—Dissolution — Damages—Attorney's Fees. In an action on a bond given to obtain an injunction in a proceeding for injunction in. the United States Courts of the Indian Terri-

tory before the admission of the state, attorney's fees expended by the defendant in the injunction proceeding to procure a dissolution of a temporary injunction granted cannot be recovered as an element of damages sustained by reason of the wrongful allowance of the injunction.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action by O. D. Revell and others against Thos. P. Smith and others. Judgment for defendants, and plaintiffs bring error. Reversed.

*Hutchings, Murphey & German,* for plaintiffs in error.—On question of *res judicata* in suit on injunction bond: *Oelrichs v. Williams,* 15 Wall. 211; *Sipe v. Holliday.* 62 Ind. 4; *Dowling v. Polack,* 18 Cal. 625; *Cummings v. Mugge.* 94 Ill. 186; *Hanna v. McKenzie,* 43 Am. Dec. 122; *Loomis v. Brown,* 16 Barb. 325; 2 High on Injunctions, secs. 1624, 1652; *Fullerton v. Pool,* 59 Pac. 431; *Andrews v. Glenville Woolen Co.,* 50 N. Y. 282; *Nansemond Timber Co. v. Rountree,* 29 S. E. 61.

*W. J. Sullivan, Gibson & Ramsey, De Roos Bailey,* and *Thos. H. Owen,* for defendants in error.—On question of attorney's fees as element of damage: *Oliphint v. Mansfield & Co.,* 36 Ark. 191; *Blaylock v. Muskogee,* 54 C. C. A. 639. On question of *res judicata: Railway Co. v. County of Jefferson,* 12 Kan. 112; *Shuster v. Perkins,* 47 N. C. 217; *Temple v. Williams,* 91 N. C. 82; *Fowler v. Stebbins,* 69 C. C. A. 209; *Russell v. Place,* 94 U. S. 606; *De Solar v. Hanscome,* 155 U. S. 222; *Littlefield v. Huntress,* 106 Mass. 121; *Stroup v. Pepper,* 69 Kan. 244.

HAYES, J. In 1902 the city of Muskogee passed an ordinance directing that an alley be opened through block 7 in said city. Subsequently a condemnation proceeding was instituted for that purpose by the city attorney in the United States Court for the Western District of the Indian Territory, at Muskogee. After the condemnation proceeding had been instituted, Thos. P. Smith, Marshall L. Bragdon, and Mrs. Annie B. Cochran and

the city of Muskogee brought suit against O. D. Revell, W. M. Wagoner, Jacob Spangenberg, and W. A. Nitzer, plaintiffs in error in this proceeding, defendants in that, to enjoin them from constructing a building across a portion of the land lying within the contemplated alley. In their petition they set up the ordinance directing the opening of the alley and the fact that a condemnation suit thereon had been instituted, and they also further alleged that Thos. P. Smith, Marshall L. Bragdon, and Mrs. Annie B. Cochran had bought lots in said block from the said Revell and Spangenberg with the understanding and agreement that the land upon which said defendants were threatening to construct a building was to be left open for the purpose of an alley through said block, and that they would not have purchased from defendants said lots but for said agreement. A temporary injunction was granted by the court with the requirement that, before it should become effective, a bond in the sum of $3,000 should be executed by plaintiffs in that suit, defendants in this, conditioned that they would pay the said Smith, Bragdon, and Cochran all the damages not exceeding the sum of $3,000, which they, or either of them, might sustain by reason of said injunction, if it was finally decided that said injunction ought not to have been granted. A bond executed by defendants Thos. P. Smith and M. L. Bragdon, as principals, and by defendants H. J. Evans, A. Z. English, and Robert L. Owen as sureties, was approved and filed in the cause. Afterwards the court rendered final judgment in the injunction proceeding in favor of defendants, and dissolved the temporary injunction.

This action upon the bond for damages alleged to have been sustained by reason of the injunction was commenced in the United States Court for the Western District of the Indian Territory at Muskogee on the 20th day of September, 1905, by plaintiffs in error, plaintiffs below, where the case was pending upon the admission of the state, and under the provisions of the enabling act and of the Schedule to the Constitution the same was transferred to the district court of Muskogee county, where a trial resulted in a verdict and judgment in favor of defendants

in error, defendants below.   The verdict in favor of defendant city of Muskogee was upon the direction of the court upon the ground that said defendant was not a party to the bond.    No exception has been taken to this action of the court.   The verdict as to the other defendants was by the jury under instructions of the court upon the issues submitted by the petition, answer, and reply.   Defendants by their answer set up two matters in defense.   By the first paragraph they deny plaintiffs were prevented from completing the building by the injunction or that they sustained any damages whatever by reason thereof.   By the second paragraph they allege the purchase by them from plaintiffs Revell and Spangenberg of certain lots in the block in which it was sought to open the alley, upon the agreement that the portion of the block where the building was about to be constructed by plaintiffs would be left open for the purpose of an alley, and that they purchased the lots from plaintiffs relying upon this agreement, and would not otherwise have purchased them.   A motion to strike out the second paragraph of the answer was overruled by the court, and defendants were permitted to introduce evidence to support the defense alleged therein, and the court instructed the jury upon the issues made by said paragraph of the answer and the reply of plaintiffs denying the matters therein set forth, all of which was done over the objection of plaintiffs.   These actions of the court constitute the first alleged error urged for a reversal of the cause.

The sole question presented by this alleged error is whether in an action on a bond given to obtain an injunction which has been dissolved matters going to the merits of the injunction proceeding may be pleaded and proved as a defense.   That such cannot be done there seems to be no division among the authorities.

"In an action upon an injunction bond after dissolution, matters which go to the merits of the injunction suit are not properly admissible as a defense to the action.   So, in a suit upon a bond conditioned for payment of the judgment enjoined, the obligors will not be allowed to defend upon the ground that

there were sufficient equities to warrant the injunction." (2 High on Injunctions [4th Ed.] par. 1652.)

*Fullerton et al. v. Pool,* 9 Wyo. 9, 59 Pac. 431, is a case in point. In that case, as in this, counsel for defendants devoted much of their brief to an argument upon the subject of *res judicata,* which was not applicable. The court commented thereon as follows:

"The water rights of the parties, and their title respectively to the ditch or ditches, are not involved in this controversy. Here we have a suit upon a bond, the execution of which is admitted. The question is whether there has occurred a breach of the bond, and, if so, what amount of damages have been sustained. The condition of the bond required the plaintiffs in error to save the defendant in error harmless in case it should be finally decided that the injunction ought not to have been granted. It was finally decided that the injunction ought not to have been granted. The plaintiffs in error are not at liberty to go behind that judgment and relitigate the question of the right to the injunction. Not having saved the defendant in error harmless, the only remaining question was the amount of damages. The offered testimony would not have responded or have been pertinent to that inquiry. It was properly excluded."

The same rule was announced in *Oelrichs et al. v. Spain et al.,* 15 Wall. 211, 21 L. Ed. 43, which was an action against the sureties on a bond for injunction. Other cases in point are *Sipe et al. v. Holliday,* 62 Ind. 4; *Cummings, Kenney & Co. v. Mugge,* 94 Ill. 186; *State ex rel. Kloak et al. v. Corvin et al.,* 51 W. Va. 19, 41 S. E. 211; *Nansemond Timber Co. v. Roundtree et al.,* 122 N. C. 45, 29 S. E. 61; *Dowling et al. v. Polack et al.,* 18 Cal. 625; *City of Boise City v. Randell et al.,* 8 Idaho, 119, 66 Pac. 938; *Loomis et al. v. Brown et al.,* 16 Barb. (N. Y.) 325.

In establishing elements of their damages, plaintiffs offered evidence as to the amount of attorney's fees expended by them in defending the injunction proceeding and in obtaining dissolution of the temporary injunction, which evidence was excluded by the court. Counsel for plaintiffs concede in their brief that upon this question the authorities are in conflict, but contend that the

weight of authorities even from those jurisdictions where no statute exists authorizing the recovery of attorney's fees expended by defendant in obtaining a dissolution of an injunction as an element of his damages is opposed to the action of the trial court. In this contention we are inclined to think counsel are correct, but the bond which is the basis of this action was executed and filed in a proceeding in the courts of the Indian Territory before the admission of the state, where chapter 81, Mansfield's Dig. Ark. (Ind. T. Ann. St. 1899, c. 35), had been adopted and regulated the procedure in injunction proceedings. Prior to the adoption of said statute by Congress in the Indian Territory, the Supreme Court of Arkansas had held that attorney's fees incurred in defending an injunction proceeding were not an element of damages for which defendant could recover upon dissolution of the injunction. *McDaniel v. Crabtree,* 21 Ark. 431; *Oliphint v. Mansfield & Co. et al.,* 36 Ark. 191. And such rule is uniformly followed by the federal appellate courts having appellate jurisdiction from the courts of the Indian Territory. *Oelrichs v. Spain,* 15 Wall. 211, 21 L. Ed. 43; *M., K. & T. Ry. Co. v. Elliott,* 184 U. S. 530, 22 Sup. Ct. 446, 46 L. Ed. 673. And prior to the passage of an act regulating the matter the same was declared to be the rule in the territory of Oklahoma (*Frantz et al. v. Saylor,* 12 Okla. 39, 69 Pac. 794), but on March 15, 1905 (Laws 1905, c. 28, art. 2), the Legislature passed an act providing that any party obtaining an injunction shall give an undertaking to secure the party injured for damages sustained, including reasonable attorney's fees, but that statute has no effect whatever upon this action. The rule of the Supreme Court of Arkansas and of the federal courts should govern. *Tullock v. Mulvane,* 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657, is an interesting case upon this question. That was an action originally brought in the courts of Kansas upon a bond which had been filed in an injunction procedure in a federal court. The Supreme Court of Kansas refused to follow the rule prevailing in the federal court, and permitted the plaintiff to recover as a

part of his damages the attorney's fees expended by him in defending the injunction proceeding. *Tullock v. Mulvane,* 61 Kan. 650, 60 Pac. 749. The Supreme Court of the United States reversed this holding and reiterated the doctrine previously established in that court that a bond given in pursuance of a law of the United States was governed in its construction, not by the local law of the state, but by the principles of law as determined by that court and operative through the courts. of the United States. See, also, *M., K. & T. Ry. Co. v. Elliott, supra.*

The statutes in force in the Indian Territory contained a provision requiring in every case where the court or judge grants an injunction that he fix a specified amount for which the party obtaining the injunction shall give security in a bond to the party enjoined before the injunction shall become effectual, which shall be sufficient to cover all the probable damages and costs that may be occasioned by the injunction. Mansf. Dig. Ark. § 3740 (Ind. T. Ann. St. 1899, § 2499). The succeeding section vests the court with power to prescribe the effect of the bond so as to secure the party enjoined the damages to which he may become entitled if it is finally decided that the injunction ought not to have been granted, but there is no provision prescribing that attorney's fees shall be included in such damages, and, as previously stated, the rule prevailing in Arkansas prior to the adoption of said statute in the Indian Territory was that the defendant could not recover as part of his damages attorney's fees expended in defending a proceeding for injunction or in obtaining a dissolution of an injunction granted. Defendants in this case must be presumed to have been cognizant of the statute and of the construction given thereto prior to its adoption in the Indian Territory, and to have contracted in reference thereto, and to hold in harmony with the contention of plaintiff would not only be against the well-recognized rule that statutes adopted from another jurisdiction having been construed prior to their adoption are adopted with the construction, but also would work an injustice.

The court committed no error in rejecting said evidence; but

for the error of the court in permitting defendants to set up as a defense and introduce in support thereof matters going to the merits of the injunction proceeding the cause must be reversed.

All the Justices concur.