(November 9, 1914.)

## GEORGE E. WYCOFF, Plaintiff, v. J. R. STRONG, Clerk of the City of Moscow, Defendant.

[144 Pac. 341.]

CITY CLERK—DUTIES OF—MINISTERIAL—SEWER CONTRACT—ACCEPTANCE OF SEWER BY CITY—FISCAL YEAR—TAXES LEVIED FOR.

1. Where a city council allows a claim and directs the city clerk to draw a warrant in payment thereof, and he refuses to do so, he may be compelled to issue and countersign such warrant by writ of mandate, as such duty is merely ministerial and requires no exercise of discretion on the part of the clerk.

2. Where a contract is within the exercise of the powers and duties of a city council, and the city accepts the work done under such contract, it must pay for it.

3. The fiscal year of certain municipalities under the law commences on the first Tuesday in May, and the enactment of a law allowing one-half of the taxes levied for city purposes to be paid before the first Monday in January following and the other half before the first Monday in July following, only changes the time of the payment of the taxes and does not deprive the city of the amount of taxes levied for the fiscal year, even though such taxes were not collected during the fiscal year for which they were levied.

Original application for a writ of mandate to compel the city clerk of the city of Moscow to issue and countersign a certain warrant. Writ granted.

C. J. Orland, for Plaintiff.

*Mandamus* is the only remedy open to the plaintiff. The council has audited and allowed the claim of the plaintiff, and ordered a warrant drawn therefor, and the clerk, assuming that the claim is illegal, has refused to perform the ministerial duty, required of him by law, of issuing such warrant. (*Rice v. Gwinn*, 5 Ida. 394, 49 Pac. 412; *Wood v. Strother*, 76 Cal. 545, 9 Am. St. 249, 18 Pac. 766; *People v. Flagg*, 16 Barb. (N. Y.) 503; *Ireland v. Hunnel*, 90 Iowa, 98, 57 N. W. 715; *Idaho Power etc. Co. v. Stephenson*, 16 Ida. 418, 101 Pac. 821; *Montgomery v. State*, 35 Neb. 655, 53 N. W. 568.)

Where there is no lack of power upon the part of a municipality to make a contract for the performance of labor, or the furnishing of material in its behalf, upon a contract which is irregular, and fatally defective, but it is performed, the municipality receiving and retaining the benefit thereof will be held liable upon an implied contract for the reasonable value of such labor or service. (*Moore v. Hupp,* 17 Ida. 232, 105 Pac. 209; *Schipper v. Aurora,* 121 Ind. 154, 22 N. E. 878, 6 L. R. A. 318; *Hitchcock v. Galveston,* 96 U. S. 341, 24 L. ed. 659; *Moore v. Mayor etc. of N. Y.,* 73 N. Y. 238, 29 Am. Rep. 134; *Rogers v. Omaha,* 76 Neb. 187, 107 N. W. 214; *City of Logansport v. Dykeman,* 116 Ind. 15, 17 N. E. 587; *Ward v. Town of Forest Grove,* 20 Or. 355, 25 Pac. 1020; *Miles v. Holt County,* 86 Neb. 238, 125 N. W. 527, 27 L. R. A., N. S., 1130; 1 Abbott on Municipal Corporations, p. 623.)

G. G. Pickett, for Defendant, files no brief.

SULLIVAN, C. J.—This is an original application for a writ of mandate to J. R. Strong, city clerk of the city of Moscow, for the purpose of requiring him to issue and countersign a warrant on the treasurer of said city for the sum of $5,500 which has been allowed by the city to the plaintiff upon his claim for material and labor in the construction of certain sewers in the said city of Moscow.

After the material had been furnished and the work done, the plaintiff filed with the city his verified claim therefor, which was audited and allowed by the city council and the defendant was directed to draw and countersign a warrant on the city therefor, and the clerk thereupon refused to draw said warrant and entered upon the minutes the following: "The city clerk at this time gave notice to the city council of his refusal to comply with the order of the council and hereby does refuse to draw such warrant for the reason that he is informed and believes that the said claim was and is illegal and void." ·And said clerk has ever since refused to draw said warrant, and this proceeding was instituted for the purpose of procuring a mandate commanding the clerk to issue such warrant to the plaintiff.

The act required to be done by the clerk in this matter is a duty pertaining to his office; it is merely ministerial and requires the exercise of no discretion on the part of the clerk after the council has directed him to draw the warrant. (See Ord. No. 6 of the City of Moscow; also sec. 2262, Rev. Codes.) It is not the duty of the clerk to supervise the action of the city council in allowing the claims against the city. If their action did not meet with the approval of the clerk, he cannot defeat or control the council's action in making contracts or in the expenditure of money by refusing to issue or countersign warrants that the council directs him to issue. . (As applicable to the point here in question, see *People v. Flagg,* 16 Barb. (N. Y.) 503; *Rice v. Gwinn,* 5 Ida. 394, 49 Pac. 412.)

If the city clerk may decide whether a warrant shall be drawn or not in payment of a claim against the city, then the act of council in allowing or disallowing the claim would be an idle act. The city under the provisions of the law has the right to construct sewers and to pay for the same out of the general fund or by special assessments. The record shows that the city contracted for said improvements; that they were constructed by the plaintiff; that the city accepted them; that it allowed the claim of plaintiff therefor, and ordered the warrant drawn for the payment of the same. Even if the law were not technically complied with in letting said contract and in doing the work, and the city thereafter accepted it and appropriated the work to its benefit, it certainly must pay for it, especially where there is no fraud charged in the letting of such contract. A contract because of some irregularity or informality in the time or manner of its execution may be illegal and incapable of enforcement, but where such contracts are within the usual exercise of the powers and duties of the city council and the work and materials are accepted by the city, it must pay for them.

Some question is raised by the answer, out of what funds this claim must be paid. It is conceded that there is sufficient in the general fund for that purpose and more than sufficient, and the question is mooted, as to levies made in 1913, when half of the taxes realized therefrom are paid in

January and the other half in July, whether the half paid in July is subject to the payment of debts accruing during the former fiscal year of the city. Under the law the fiscal year of certain municipalities commences on the first Tuesday in May, and the enactment of the law allowing one-half of the tax to be paid before the first Monday in January and the other half before the first Monday in July only changes the time of the payment of the taxes and cannot deprive the city for each fiscal year of the amount of taxes levied for that year. The fact that the time for the collection of taxes may be made after the commencement of a fiscal year from that in which they were levied would not deprive the city of the taxes levied for any fiscal year, even though they were collected in a succeeding fiscal year.

For the reasons above stated, the peremptory writ as prayed for must be granted, and it is so ordered, with costs in favor of the plaintiff.

Truitt, J., concurs.