THARP v. BLAKE. (No. 369.)

(Court of Civil Appeals of Texas. El Paso. Dec. 3, 1914.)

1. MUNICIPAL CORPORATIONS (§ 59*) — POWERS.

A municipal corporation may only exercise those powers that are granted in express words or are necessarily and fairly implied in or incident to the powers expressly granted and those essential in the sense of being indispensable as distinguished from merely convenient to the authorized objects and purposes; any fair reasonable doubt concerning the power being resolved by the courts against its exercise.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 149; Dec. Dig. § 59.*]

2. MUNICIPAL CORPORATIONS (§ 58*)—"ORGANIC ACT"—POWERS.

A statute by which a municipal corporation is organized and created is its "organic act" and the limit of its power, so that all acts beyond the scope of the powers there granted are void.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 145–147; Dec. Dig. § 58.*

For other definitions, see Words and Phrases, First and Second Series, Organic Act.]

3. MUNICIPAL CORPORATIONS (§ 214*)—EXISTENCE — CONTEST — AUTHORITY OF TOWN — CONTRACTS—EMPLOYMENT OF ATTORNEY.

Since Rev. St. 1911, art. 1042 et seq., specifying the powers of an incorporated town or village, contained nothing conferring authority on it to become a party to a contest to determine the validity of an election on the question whether the corporation should be abolished, and article 3078 declared that in such a contest no costs should be adjudged against the town, such town had no authority to employ an attorney to contest such an election nor to bind the town for the payment of fees for such services.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 582–588; Dec. Dig. § 214.*]

4. MUNICIPAL CORPORATIONS (§§ 226, 858*)—INCORPORATED TOWN—CONTRACTS.

An incorporated town, under the general laws of the state, can enter into valid contracts and incur debts only when the making of such contracts or debts is within the scope of its general corporate functions or of authority conferred by statute.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 645–650, 1813; Dec. Dig. §§ 226, 858.*]

5. MUNICIPAL CORPORATIONS (§ 244*)—CORPORATE ACTION — ORDINANCES — RESOLUTIONS.

A city or town council speaks through its ordinances or resolutions, passed and promulgated as permitted or required by the law creating it; and hence the employment of an attorney, if otherwise authorized, can only be properly accomplished by an ordinance or resolution.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 678–681, 683; Dec. Dig. § 244.*]

6. MUNICIPAL CORPORATIONS (§ 220*)—CONTRACTS—INVALIDITY—QUANTUM MERUIT.

Where an incorporated town had no authority to employ an attorney to perform certain legal services, he could not recover the reasonable value thereof on a quantum meruit.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by G. W. Tharp against Cabeen Blake, as receiver of the Town of Humble. Judgment for defendant, and plaintiff appeals. Affirmed.

C. B. Wood and G. W. Tharp, both of Houston, for appellant. R. H. Holland, of Houston, for appellee.

WALTHALL, J. In this case appellant, G. W. Tharp, sues Cabeen Blake, receiver of the town of Humble, appellee, to recover on a debt of $150 agreed to be paid him by the town council of the town of Humble for services as an attorney in an election contest to determine whether the incorporation of said town of Humble should be abolished. The town of Humble was incorporated as a municipal corporation on December 10, 1910, under the general laws of the state of Texas pertaining to the incorporation of towns and villages of more than 500 and less than 10,-000 inhabitants, and, under the present Revised Civil Statutes, constituting title 22, c. 14. The case was filed in the justice of the peace court, and appealed to the county court, where both appellant and appellee filed amended pleadings. Some questions of pleading and practice were raised by demurrers to plaintiff's pleadings in the county court by appellee, but, not being properly submitted under the rules, cannot be considered. The county court heard the pleadings and evidence and rendered judgment for appellee, and appellant assigns this as error: First, because the evidence shows that plaintiff performed legal services for the town of Humble at an agreed price of $150 under a valid contract, made by the mayor and aldermen, in contesting an election held to determine whether or not the corporation of the town of Humble should be abolished; second, because the evidence shows that plaintiff performed the legal services, at the special instance and request of the town of Humble, acting through its mayor and aldermen in contesting an election, to determine whether or not the corporation of the town of Humble should be abolished, which legal services were reasonably worth $150; and, third, because the evidence shows that the town of Humble received the benefit of the services of plaintiff in contesting the election held to abolish the corporation, the mayor and aldermen knowing, at the time that said services were being rendered, the town of Humble is estopped from denying liability for

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

same, hence the defendant (the receiver of the town) is liable for the reasonable value of the services so received, which was shown to be $150. We make the following findings of fact:

We find that on December 10, 1910, at an election legally held, the town of Humble was duly incorporated under what is now title 22, c. 14, Revised Civil Statutes of Texas; that thereafter a mayor and board of aldermen were duly elected and qualified; that on or about the 10th day of October, 1911, a petition was duly signed and presented to the county judge, asking for an election to determine whether the incorporation of the town of Humble should be abolished or not; that said election was duly ordered; that pursuant to said order an election was held, and a majority of the votes cast were in favor of abolishing the corporation; that prior to the said election the town of Humble, by a resolution duly passed, had employed the plaintiff as an attorney to advise the mayor and aldermen in matters pertaining to their duties, and had paid plaintiff for said services out of the current funds of the town; that, after the election held to abolish the incorporation, the mayor and aldermen concluded to test, by a suit in the court, the legality of the election, and after consulting with plaintiff as to the charge he would make for his services to conduct such suit, at a meeting of the council, and without an ordinance or resolution being passed to test the validity of said election, or to engage the services of plaintiff as attorney, a motion was made and carried, but never reduced to writing, to employ plaintiff as attorney in a suit to contest said election and to pay him for his services in said suit the sum of $150, and the mayor was authorized to employ the plaintiff as attorney in said suit for $150; that the mayor thereafter did employ plaintiff as attorney to bring the suit contesting the election at the agreed amount to be paid him of $150; that thereafter, without further action by the town council, by ordinance, resolution, or otherwise, either as to said fee, or authorizing a suit to be filed contesting the election, a suit was filed by plaintiff, contesting the said election, entitled Warrener v. Lambrecht et al., 146 S. W. 633, and tried in the district court and Court of Civil Appeals and decided against the contestant; that an order was duly entered by the county judge declaring the corporation of the town of Humble abolished; that, in a suit filed in the district court of Harris county, appellee, Cabeen Blake, was appointed and qualified as receiver of the town of Humble; that plaintiff duly filed his claim for $150 with the receiver, which was "allowed subject to the approval of the district court"; that a protest was filed against the allowance of the claim and bond given as provided by law; that appellant's services as attorney in said suit were reasonably worth the sum of $150.

## Opinion.

[1-3] The rule of construction of powers granted to towns and cities for the exercise of municipal purposes is that corporations possess and can exercise the following powers and none other: First, those granted in express words; second, those necessarily and fairly implied in or incident to the powers expressly granted; third, those essential to the object and purposes not simply convenient, but indispensable. Any fair, reasonable doubt concerning the power is resolved by the courts against the exercise of such power. The statute by which a municipal corporation is organized and created is its organic act, and the corporation can do no act or make any contract not authorized thereby. All acts beyond the scope of the powers granted are void. Williams v. Davidson, 43 Tex. 1; Dillon on Municipal Corporations, § 55, et seq. All the powers granted to towns and villages incorporated under title 22, c. 14, of the Revised Civil Statutes, seem to be embraced in the following article:

"Art. 1042. When the entry mentioned in the preceding article has been made (the entry by the county judge of the election returns declaring the village incorporated and designating the boundaries with the plat of the town) the town shall be invested with all of the rights incident to such corporation under this chapter, and shall have power to sue and be sued, plead and be impleaded, and to hold and dispose of real and personal property"—situated within the limits of the corporations.

The statute provides for the election of officers, fixing the term of office; states what constitutes a quorum for the transaction of business; gives the quorum power to enact such by-laws and ordinances not inconsistent with the laws and Constitution of the state, as shall be deemed proper for the government of the corporation; gives the corporation power to remove nuisances, regulate markets, control over streets and alleys and other public places within the corporate limits; power to levy taxes, fill vacancies; requires the publication of all ordinances; and prescribes the manner of abolishing the corporation. The powers of a municipal corporation organized under the chapter pertaining to the incorporation of towns and villages are very limited. Judge Gaines, in Waxahachie v. Brown et al., 67 Tex. 519, 4 S. W. 207, in discussing the question whether the town of Waxahachie had the power to create an indebtedness for the purchase of a schoolhouse, and, incidentally, the difference between the powers granted cities and towns and those granted to towns and villages, used the following language:

"The difference between the provisions of the title referred to in reference to cities and those relating to towns is remarkable. There are ten chapters devoted to the former, and but one to the latter, class of municipal corporations. The powers granted to towns in chapter 11 (now 14) of that title are hardly more than are absolutely essential to their existence as bodies

corporate. No authority to issue bonds or to create debts is given them, and hence there are no enactments regulating the amount or mode of their issue."

Since the Supreme Court rendered the opinion in that case, several articles have been added to the chapter relating to the incorporation of towns and villages, but none extending their general powers. There is no provision in the statute that can be construed to authorize the town council to contest the election held to abolish the corporation, and the right to contest the election is not incident to any powers granted. If it cannot contest the election directly, it cannot do so indirectly, as that would be to exercise a power not granted, and not within the scope of the purposes for which it was created. Article 3077, Revised Civil Statutes, referring to contested elections, provides:

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town or village, any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office."

Article 3078 provides:

"In any case provided for in the preceding article, the county attorney of the county, or where there is no county attorney the district attorney of the district, or the mayor of the city, town or village, or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in a case for a contest for office; but in no case shall the costs of such contest be adjudged against such contestee, or against the county, city, town or village which they may represent, nor shall such contestee be required to give any bond upon an appeal."

It will be observed that the statute makes no provision for a county, precinct, city, town, or village to become a contestant in an election. The statute makes provision for a contest, and who may be made contestee, but provides that no costs shall be adjudged against the contestee or against the county,

city, town, or village which they may represent. The city council in this case undertook to become the contestant in the name of S. K. Warrener, for which there is no authority or power given in the statute. It was an attempt to exercise an implied power not necessary or incident to any of the powers granted. The city council, by a motion made and carried, but not reduced to writing or in any manner made a part of the proceeding or action of the council, undertook to create a debt for the attorney's fees, a part of the expenses or costs of the contest. We think the inhibition in the last article of the statute quoted against taxing any of the costs of the contest against a contestee representing the village, by analogy, at least, might be applied to such debt or costs. There is no such power given the town council, and no implied power could be exercised that would not come within the objects and purposes for which the corporation was created, and not reasonably necessary and proper for the discharge of the functions committed to them. City of Bryan v. Page & Sims, 51 Tex. 532, 32 Am. Rep. 637; Williams v. Davidson, 43 Tex. 33.

[4-6] A town incorporated under the general laws of the state can enter into valid contracts and incur debts only when the making of such contracts or debts is within the scope of its general corporate functions, or of authority conferred by the statute. A city or town council speaks through its ordinances or resolutions passed and promulgated as permitted or required by the law creating it. If the town of Humble, acting through its town council, could have entered the courts either in its corporate name or in the name of S. K. Warrener, to contest the election to abolish the corporation, and we hold that it could not, it seems to us that it could do so only by an ordinance or resolution so declaring. None was passed. The bare fact that a fee of $150 was a reasonable charge for the services rendered would not be sufficient to constitute appellant's cause of action.

There was no error in rendering judgment for appellee.

Cause is affirmed.