158 So. 543

## GARNER v. STATE.
### 8 Div. 742.

Court of Appeals of Alabama.
March 20, 1934.

Rehearing Denied Oct. 30, 1934.

Bradshaw & Barnett and Almon & Almon, all of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This is a statutory offense created by the Code of 1923. The indictment follows the statute and charges every material ingredient of the offense. Under our decisions the indictment is sufficient and not subject to any ground of demurrer assigned. Smith v. State (Ala. App.) 157 So. 872;[1] State v. Dodd, 17 Ala. App. 20, 81 So. 356; Morris v. State, 18 Ala. App. 456, 93 So. 61; Masters v. State, 18 Ala. App. 614, 94 So. 249; Stein v. State, 37 Ala. 123.

The defendant objected and excepted to the introduction of several ordinances of the city of Florence declaring and confirming the election of defendant as a commissioner of said city, assigning as grounds that no proper predicate had been proven. We are not called upon to pass upon this question as the defendant testifying as a witness confirmed the facts shown by the ordinances.

It appears from the bill of exceptions that on the trial of this case, the court, over proper objections and exceptions, permitted one Baylor, an expert accountant, to testify as to his examination of and calculations made from certain books, records, papers, and entries asserted by him to be the books of the city of Florence. The legality of this testimony was challenged on the ground that no proper foundation for same had been shown, in the absence of which the testimony would be hearsay and inadmissible. In Kersh v. State (Ala. App.) 153 So. 284,[2] where the books of the city covered a period of nine years, several different departments and accounts, thousands of items showing the financial dealings of the city; all of the books being in evidence and each item identified either by the witness or some other witness with a knowledge of the facts to which they testified, this court said: "An accountant who has examined certain books and schedules which have been introduced in evidence may state the results of his computations therefrom." In the Kersh Case, supra, we also noted the

---

[1] Post, p. 271.   [2] Ante, p. 15.

rule as laid down in Sovereign Camp, W. O. W. v. Hoomes, 219 Ala. 560, 122 So. 686: "In the cases where it is impracticable or impossible for the court to make an examination of a large number of instruments, entries, or records, a competent witness may make such examination and present his conclusions thereon to the court."

For such testimony to be free from legal objection and exception, however, it must be made to clearly appear that the books, papers, etc., the subject of examination by the expert, were themselves in evidence and identified, or if too voluminous to bring into court, that they were identified at the place where kept and accessible to both parties. Hogoboom v. State, 120 Neb. 525, 234 N. W. 422, 79 A. L. R. 1171-1176.

The basis of the testimony of the witness Baylor was what he termed a report made by him of an audit of the books of the city of Florence. This testimony was hearsay and inadmissible, and the rulings of the court on the admission of this testimony were erroneous. Rouw v. Arts, 174 Ark. 79, 294 S. W. 993, 52 A. L. R. 1263, and authorities, supra.

To state the rule as we find it: Where the records, books, and papers are in evidence and identified or where such records, books, and papers on account of voluminousness, bulk, or other reason, cannot be brought into court, but are within the jurisdiction of the court and accessible to both parties, the examination and calculations made by an expert accountant based upon such records, books, and papers are the shorthand rendition of facts. When the records, books, and papers are not in evidence and are not equally accessible to both parties, the report or testimony of the accountant is hearsay and inadmissible.

The court, therefore, committed error in its various rulings on the admission of the testimony on this point. But, these errors were cured by the defendant who, while testifying as a witness in his own behalf, admitted every item of shortage, as had been testified to by Baylor, the expert accountant. These items consisted of payments of $175 per month as salary and checks aggregating $3,265, paid to defendant out of the funds of the city, which he claimed was for extra work performed by him for the city outside of his regular work as a commissioner, to which office he was duly elected and qualified.

In offering testimony the defendant contended that, as to the $3,265, such money was paid to him by the city for extra services rendered by him to the city, under a contract of employment by the city commission, of which he was a member, and that the court erred in excluding testimony on this point and in charging the jury as follows:

"The Law says that the commission is charged with the safe-keeping of the money, the City Commission runs the City and they are charged with the safe-keeping of the City's money and all that was said as to the law charges the City Commissioners with the safe keeping of the City's money.

"No member of any City Council shall, during the time for which he has been elected, be appointed to any municipal office which shall be created, or the emoluments of which shall be increased during the terms for which he be interested, directly or indirectly, or any contract or job for work or material, or the profits thereof, or services to be performed for the corporation, except as herein provided."

In making this contention defendant relied on the decision of our Supreme Court in the case of Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 40 A. L. R. 1052. That case is not in point here. The defendant was an officer of a municipal corporation organized and having its powers under and by virtue of the general laws of the state as contained in section 2335 et seq. of art. 46, Code 1923. Under this article the defendant was entitled to receive $100 per month in salary and no more and he could not either by ordinance, common practice, or by direct contract receive more, no matter what services he might render. These statutes were enacted to meet just such a condition as appears to have existed in the city of Florence. The defendant is conclusively presumed to have known these statutes. The contract of employment for extra work was void and the acceptance of the compensation, even if agreed to, under the semblance of an ordinance was wrong, as was also the acceptance of $175 per month as salary, when the statute provided for a salary of $100 per month. Code 1923, § 1909. There can be no doubt of a civil liability for the excess in salary of $75 per month and for the $3,265 paid to defendant for extra services.

Being charged with a knowledge of the law, this defendant also knew that the disbursing officer was guilty of a felony under section 3961 of the Code of 1923 in paying the money to him out of the funds of the city. Therefore in any event, this defendant be-

came particeps criminis, as an aider or abettor of the crime.

██ ██ The question, therefore, is not whether the defendant is guilty of a crime, but is he so charged in the indictment as to meet the probata in the case? The indictment charged that the defendant "as such commissioner" was charged or intrusted with the collection, receipt, safekeeping, transfer, or disbursement of moneys or funds belonging to or under the control of said city. The proof shows that defendant was a commissioner of said city duly elected and qualified; that during the period covered by this indictment he received on vouchers signed by T. B. Smith, city clerk, and countersigned by W. S. Eastep, mayor, salary for $175 for each month during his encumbency and vouchers executed as above aggregating $3,265 for special services, all of which were paid by the city treasurer out of funds belonging to the city; that by ordinance duly adopted this defendant, as commissioner, was assigned to duties under section 2352, Code 1923. These payments were made without any formal ordinances having been passed by the board of commissioners, which board consisted of defendant and two others legally known as the board of commissioners of the city of Florence. This defendant, therefore, was charged jointly by section 2346 of the Code of 1923, with the general management and control of all the governmental and business affairs of the city and especially as to the instant case, with the management and control of the finances and all the property real and personal of the city. Code 1923, § 1908, subd. 11. No money of the city could legally be disbursed except by the approval of the board. Code 1923, § 1916.

It would appear that as a commissioner, this defendant was charged jointly with the two other commissioners with the duty of disbursing money, funds, or securities of the city, within the meaning of section 3961, Code 1923.

For the above reasons the trial court properly excluded the evidence offered and properly instructed the jury on these questions.

The court did not err in its rulings on admissions of testimony as to character. Vaughn v. State, 17 Ala. App. 35, 81 So. 417.

The rulings of the court on requested charges were in line with the foregoing and free from error. We find no error in the record and the judgment is affirmed.

Affirmed.

