7 So.2d 74

### CARTER v. TOWN OF MUSCLE SHOALS.
### 8 Div. 177.

Supreme Court of Alabama.

March 19, 1942.

Rehearing Denied April 9, 1942.

.Carmichael & Polk, of Sheffield, for appellant.

Arthur L. Shaw and W. H. Shaw, both of Tuscumbia, for appellee.

**FOSTER, Justice.**

The statute under which it is sought to dissolve a municipal corporation, here in question, requires that a petition to do so shall be signed by three-fourths of the qualified voters residing within the corporate limits. Title 37, section 18. The probate judge sets the same down for hearing and gives thirty days' notice by posting. Section 19. Upon the hearing the only inquiry is whether three-fourths of such voters are in favor of the dissolution. If so, that finding puts into operation the legislative act by which the corporation becomes dissolved. There is no special provision describing the persons who may be heard in opposition to the petition. But a hearing is provided for in section 20. That hearing only relates to the question of whether three-fourths of the resident voters favor the dissolution. Naturally, any interested person should have a right to be heard on that question. Resident citizens are of course interested.

As to private corporations, the general rule is that if the proceeding admits its legal existence, but seeks to dissolve it on some ground which does not go to the legality of its existence, the corporation as such is the party against whom the proceeding must be directed. 13 Amer.Jur. 1184, § 1331; 19 Corpus Juris Secundum, Corporations, § 1698, p. 1466, notes 29 and 30.

When the proceeding goes to the validity of the organization, the corporation is not a necessary party. State v. Webb, 97 Ala. 111, 12 So. 377, 38 Am.St. Rep. 151. But is made by statute a proper party. Title 7, section 1139, Code of 1940; Floyd v. State, 177 Ala. 169, 59 So. 280.

It is our view that the principle by which a private corporation, legally created, has an interest in any proceeding which looks to its dissolution, applies to a municipal corporation.

It is not an answer to this to say that the legislature can without the will of a municipal corporation or its residents dissolve it. That has not been done. The existing statute may as well for that reason be held to cut off residents from being heard on the issue. The legislature could do so. But it has not done so, and has not cut off any interested person, we think, from being heard on it. It is our view that a legally constituted municipal corporation has an interest in its continued existence, and is in an attitude which resembles a private corporation which is sought to be dissolved on some ground which admits its legal incorporation. Compare the case of Rice v. Gwinn, 5 Idaho 394, 49 P. 412.

And being such an interested party as that, it has a right to be heard upon the subject of its dissolution. It has the implied power to employ counsel to represent it upon such hearing, and, therefore, to incur and pay a proper attorney's fee in that connection. It is our judgment, therefore, that the note, which is the subject matter of this suit being duly executed by authority of the governing body of the city as compensation for attorneys employed by them upon the hearing as to whether the corporation should be dissolved, is not void for want of authority on the part of the city.

It results that the demurrer to the complaint on the ground which we have here discussed should, in our opinion, have been overruled, and the lower court was in error in sustaining the demurrer on that ground. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., THOMAS, BOULDIN, and BROWN, JJ., concur.

LIVINGSTON, J., dissents.

KNIGHT, J., not sitting.

LIVINGSTON, Justice (dissenting).

Suit on a promissory note by the assignee of one of a series of promissory notes given by the defendant, the Town of Muscle Shoals, Alabama, a municipal corporation.

The plaintiff in the court below, appellant here, attached to and made a part of his complaint a resolution of the city council of Muscle Shoals purporting to authorize and deliver the notes in payment of legal services rendered in resisting a petition filed under and by virtue of the provisions of sections 2326 et seq., Code of 1923, Title 37, section 17 et seq., Code of 1940, seeking to dissolve the municipal corporation, Muscle Shoals, Alabama.

Sections 2326 et seq., Code of 1923, Title 37, sections 17 et seq., Code of 1940, are as follows:

" § 17. (2326) Municipal corporations now existing or hereafter incorporated having a population of eleven hundred inhabitants, or less, may be dissolved as hereinafter provided."

" § 18. (2327) Three-fourths of the qualified voters residing within the corporate limits of any municipal corporation having a population of eleven hundred inhabitants, or less, may, in writing, petition to the probate judge of the county in which the same is situated, for a dissolution of such corporation."

" § 19. (2328) Upon the filing of such petition, such probate judge shall set the same down for hearing and give thirty days' notice of such hearing by written notices stating the date and purpose of such hearing, the same to be posted at the courthouse of the county and also in a public place in the municipality sought to be dissolved, and upon the day set for the hearing, the probate judge shall hear such petition and the evidence in support of the same."

" § 20. (2329) If upon such hearing, it appears to such probate judge that three-fourths of the qualified voters of such municipal corporation are in favor of the dissolution of the same, he shall make a decree dissolving such municipal corporation, and thereupon such municipal corporation shall be dissolved, and shall cease to exist."

The demurrer to the complaint proceeds upon the theory that the town has no authority to contract for legal services to resist a petition filed in pursuance of the foregoing Code sections. The authority of the town to make such a contract is the primary question here presented for consideration.

Municipal corporations are mere instrumentalities of the State for the more convenient administration of local government. Their powers are such as the legislature may confer, and these may be enlarged, abridged or entirely withdrawn at its pleasure. State v. Gullatt, 210 Ala. 452, 98 So. 373.

In the case of Colvin v. Ward, 189 Ala. 198, 66 So. 98, this Court said: "It is established that a municipal corporation may exercise these, and only these powers: Those granted in express terms, those necessarily implied in, or incident to, the powers expressly conferred; and those indispensably necessary to the accomplishment ot the declared objects and purposes of the municipality. New Decatur v. Berry, 90 Ala. 432, 7 So. 838, 24 Am.St.Rep. 827; Cleveland Furniture Co. v. Greenville, 146 Ala. 559, 41 So. 862; City of Eufaula v. McNab, 67 Ala. 588, 42 Am.Rep. 118; Ex parte Mayor, etc., Florence, 78 Ala. 419."

The right to dissolve, within the prescribed limits, is conferred upon the qualified voters residing within the corporate limits of the municipal corporation. A municipality of the class here involved comes into being by the will of the people voluntarily expressed at an election held for that purpose. The procedure to dissolve it is by the will of three-fourths of the qualified electors voluntarily expressed by petition to the probate judge of the county in which the municipality is situated. The municipality itself cannot intervene.

The question of a dissolution is for the qualified electors. That power is expressly reserved to them. There is no such power given the town council, and no implied power could be exercised that would not come within the objects and purposes for which the corporation was created, and not reasonably necessary and proper for the discharge of the functions committed to them. Tharp v. Blake, Tex.Civ.App., 171 S.W. 549.

The obligation sued on is ultra vires and void. Since all persons dealing with a municipal corporation are held to a knowledge of its powers and of the powers and authority of its officers, an assignee of a contract ultra vires the corporation can take nothing thereunder. Pearson v. Duncan & Son, 198 Ala. 25, 73 So. 406, 3 A. L.R. 242; City of Eufaula v. McNab, 67 Ala. 588, 42 Am.Rep. 118. The defect appears on the face of the complaint, and, in my opinion, the demurrers were properly sustained.