92 So.2d 51

**STATE of Alabama**

v.

**Jesse F. HOMAN.**

**8 Div. 791.**

Court of Appeals of Alabama.
Jan. 15, 1957.

1. Ante, p. 94.

Malone & Malone and Thos. G. Steele, Athens, for appellee.

John Patterson, Atty Gen., and Robt. Straub, Asst. Atty. Gen., for appellant.

CATES, Judge.

This is an appeal by the State from a judgment sustaining a demurrer on the ground that Code 1940, Title 41, Section 221 violates the Fourteenth Amendment to the Constitution of the United States.

The appellee was indicted August 4, 1955 in three counts: 1st, that while being a commissioner of the Town of Muscle Shoals, Alabama, he did employ or use money to wit: $1,750 which belonged to said Town, and which was under his official control and direction as such commissioner, for the private benefit of Dudley Meadows, J. H. Riner, and Horace White; 2nd, that while (as before except as to $1,000) in that he did while acting in such official capacity, in conjunction with Thomas Terry

and Louis Elledge, who were also at the time commissioners of the Town appropriate and use said money to pay an attorney to represent said Meadows, Riner, and White in their private and individual civil and criminal law suits, in violation of Section 221, Title 41, of the 1940 Code; and, 3rd, that while (as before in Count One except as to $500) against the peace and dignity of the State of Alabama.

Thereupon on October 7, 1955 Homan in the Colbert Law and Equity Court demurred to said indictment, assigning thereto 102 grounds. The demurrer was sustained on grounds averring that the statute is vague, indefinite, and uncertain, and also makes punishable acts which are not illegal, unlawful, immoral, or wrong, and therefore unconstitutional.

█ We consider a city commissioner to be a public officer, Hogan v. Hartwell, 242 Ala. 646, 7 So.2d 889.

█ In view of Section 176 of the Constitution of 1901, Section 221 is cumulative to impeachment under Section 175 of the Constitution of 1901.

█ He who asserts the unconstitutionality of a law has the laboring oar. This court has no power to declare on first impression that an act of the legislature is void, Code 1940, Title 13, Section 98. The converse of the proposition still obtains in that we may uphold an act. Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694.

We are cited to the peeping tom case, Kahalley v. State, 254 Ala. 482, 48 So.2d 794, 795. The gist of the offense there was for any male person to go "near and stare * * * into any room * * * not his own or under his control, which is occupied by any female person * * *." This case in turn is bottomed on the Fourteenth Amendment to the Federal Constitution via Winters v. People of State of New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840, and other cases therein cited.

And from the Kahalley decision sprang Connor v. City of Birmingham, 36 Ala.App. 494, 60 So.2d 474. The offense there was that no two persons of opposite sex (except man and wife and parent and minor child) shall occupy jointly and privately any room in any lodging house, hotel, etc.

These cases illustrate what, in the absence of concepts of due process, would nevertheless be obnoxious criminal legislation. Thus in Kahalley the fallacy is exposed by the question, "How far is near?" In Connor the language, though unambiguous, is so broad and sweeping as to raise a presumption that the legislator would not have so intended unless he had added all inclusive words, and absent the all inclusive words the courts would not attempt to re-legislate, 36 Ala.App. at page 499, 60 So.2d at page 477.

█ However, where (in the absence of some other constitutional limitation) the standards are reasonable and the objects of the statute are delimited by a reasonably ascertainable measurement, it does not avail the accused to say that he is to be punished for that which is inherently lawful. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877.

The distinction between *mala in se* and *mala prohibita* is not pertinent here. While no doubt influences of religious motivation, direct or reflected (as in common grace), do work upon men and find expression in many of our laws, yet when the proposition is advanced that acts can only be punishable if immoral we are reminded of Martin Luther's remark that the Law in her own bed was as a bride but in that of Theology she was as a harlot.

The statute, as far as the three counts of the instant indictment are concerned, reads as follows:

"Every public officer who shall:

* * * * * *

"3. Employ or use any * * * money * * * under his official control or direc-

646

tion, or in his official custody, for the private benefit * * * of * * * another;

"Shall be fined", etc.

█ It is our opinion that this statute (i.e., subdiv. 3 of Section 221) is definite and certain enough to advise an officer of the boundaries of his conduct. Muscle Shoals had a 1950 population of 1,937 persons and accordingly the commission form of government under Code 1940, Title 37, Chapter 4, Article 1, Sections 35–88, or Article 2, Sections 89–119, could be the Town's charter. Thus under Section 45, Code 1940, Title 37, the commissioners have, possess, and exercise all the legislative, executive, and judicial powers and authority reposed in the corporation. Of like tenor (under the optional charter form of Article 2, supra) is Section 96, Code 1940, Title 37. These broad powers carry a commensurate responsibility, Garner v. State, 26 Ala.App. 246, 158 So. 543.

█ A town is a municipal corporation with limited territory and powers. It exists only under and within its charter, viz., statutes. Its subsidiary legislation and other assertions of authority are entirely dependent upon statutory predicates. In Alabama there is no general, inherent right of local self government, Yeilding v. State, 232 Ala. 292, 167 So. 580. And (unlike the rules in respect of private corporations and the Federal Government) in construing the grant of a power the rule of strict construction applies so that if there is reasonable doubt concerning the existence of the power the doubt should be resolved against the asserted power. Dillon, Municipal Corporations, 2d Ed., Vol. 1, Section 55. Posey v. Town of North Birmingham, 154 Ala. 511, 45 So. 663, 15 L.R.A.,N.S., 711, where operation of municipal light plant was held ultra vires. Colvin v. Ward, 189 Ala. 198, 66 So. 98.

We have not been cited to nor have we found a statute conferring authority upon the Town to employ attorneys for anyone in "*private and individual* civil and crim-

inal law suits." (Italics supplied.) Under Section 94 of the Constitution we doubt if the legislature could enact such a law. See State ex rel. Dorlan v. Stone, 30 Ala. App. 413, 6 So.2d 898.

█ Count 2 of the indictment properly charges a misappropriation and improper disbursement of public moneys which is punishable under subd. 3, Section 221, supra. If on trial it should turn out that the employment and payment were for a corporate purpose, Carter v. Town of Muscle Shoals, 242 Ala. 519, 7 So.2d 74, or for successfully defending a bill to enjoin public officers and the municipality, City of Birmingham v. Wilkinson, 239 Ala. 199, 194 So. 548, then of course Count 2 would fall. On the record before us we do not reach any questions of defensive matter.

█ Subdivision 3 of Section 221, supra, is severable from the remainder of the section and according to oftstated principles our consideration is necessarily limited to that subdivision. On a consideration of the indictment within the frame of the subdivision, we are of the opinion that there is no denial of due process of law nor is the language of the subdivision so vague as to be meaningless. There are no imprecise words such as "profiteering", "necessity of life", State v. Goldstein, 207 Ala. 569, 93 So. 308, "profit, gain or advantage, unusual in the ordinary course of legitimate business", State v. Skinner, 20 Ala.App. 204, 101 So. 327, 329, or "near", Kahalley v. State, supra. See also Parisian Co. v. Williams, 203 Ala. 378, at page 383, 83 So. 122 at page 127. Connor v. City of Birmingham, supra, is based on an analysis of the charter powers conferred by the legislature.

█ Appellee insists that no demarcation can be established between what is private benefit or gain and what is not, illustrating this as to the commissioners' own salaries, the purchase of policemen's uniforms, and the compromise of negligence claims against the municipality. All of

these we deem to be cases of obligations, statutory or necessarily implied. We perceive no insuperable difficulty in the trial judge being able to charge the jury as to the distinction between public and private benefit, nor of defining a person acting within the scope of public employment or pursuant to a legal duty, if these matters need be charged upon. The State has the burden of convincing the jury of guilt beyond a reasonable doubt.

The indictment having described the alleged offense in terms of a "private benefit" corresponds to the statute. See Hawkins v. Reynolds, 1952, 236 N.C. 422, 72 S.E.2d 874, 36 A.L.R.2d 782.

We have reviewed all grounds assigned to the demurrer and, considering that none is well taken, reverse the judgment of the court below and remand this cause for proceedings in conformity herewith.

Reversed and remanded.