FAULKNER, Justice.
Pursuant to ARAP Rule 18, the United States District Court for the Southern .District of Alabama has requested this Court to answer a question of law which that court deemed determinative of an action before it on which there is no clear controlling precedent in the decisions of the Supreme Court of Alabama.
The complaint and exhibits to the complaint referred to in the certificate are not made a part of this opinion.
In support of the certificate, the Federal District Court submitted the following facts:
“1. THE STYLE OF THE CASE:
THE CITY OF SELMA, a municipal corporation,
Plaintiff,
V. CIVIL ACTION
THE UNITED STATES OF AMERICA: No. 78-447-P HAROLD BROWN, in his capacity as Secretary of the Department of Defense; JOHN C. STETSON, in his capacity as Secretary of the United States Air Force; PATRICIA HARRIS, in her capacity as Secretary of the Department of Housing and Urban Development; BROCK ADAMS in his capacity as Secretary of the Department of Transportation; JOSEPH A. CALIFANO, JR., in his capacity as Secretary of the Department of Health, Education and Welfare; CECIL ANDRUS, in his capacity as Secretary of the Department of Interior; JAY SOLOMON, in his capacity as Administrator of the General Services Administration; and, CRAIG FIELD AIRPORT AND INDUSTRIAL AUTHORITY, a public corporation,
Defendants.
“2. STATEMENT OF FACTS.
“The City of Selma, Alabama, a municipal corporation, is the plaintiff in an *282 action pending in the Southern District of Alabama against the United States in Case Number 78-447-P. The Complaint and those exhibits attached thereto which are referred to herein are filed herewith and made a part hereof.
.“In 1940 the United States acquired a leasehold interest in real property located ’in Dallas County, Alabama, for the purpose of operating a military establishment known as Craig Army Air Field. The City of Selma had acquired these lands through purchase and the exercise of the right of eminent domain. The City then leased said lands to the United States.
“Subsequent to the execution of the lease agreement, there were negotiations between the City of Selma and the United States relative to a donation of the lands to the United States without consideration. However, by opinion dated September 4, 1941, the Acting Attorney General of the United States advised the War Department that the City of Selma had no authority under its charter and under Alabama law to convey the subject property to the United States by donation deed.
“In 1947 the City of Selma secured passage of Act 509 (House Bill 926) of the Alabama Legislature, the form for which had been furnished by representatives of the United States. (Exhibit E to the Complaint).
“Pursuant to Act 509 (House Bill 926) and pursuant to resolution of the City Council of the City of Selma, dated June 14, 1948, the City of Selma entered into an option agreement with the United States to sell said lands to the United States for the consideration of One and 00/100 ($1.00) Dollars. (Exhibit F to the Complaint.) Said option agreement specifically provided for a right of reversion.
“On October 25, 1948, the City Council of the City of Selma authorized and empowered the City of Selma to execute a Quit Claim Deed to the United States of the lands included in said Option. (Exhibit G to the Complaint.) By Quit Claim Deed dated October 26, 1948, (Exhibit H to the Complaint) the City of Selma conveyed said lands to the United States for a recited consideration of One and 00/100 ($1.00) Dollars, which deed contained the following reversionary clause:
“ ‘. . . the fee simple title hereby conveyed in and to the hereinafter described property shall automatically revert to the City of Selma in the event the United States of America at any time in the future determines the said lands to be surplus to its military needs and permanently abandons the airfield as a military air base, . . . .’
“On October 2, 1950, the City Council of the City of Selma passed another resolution authorizing the City to execute another deed ‘with covenants of warranty’ upon payment of One and 00/100 ($1.00) Dollars, cash consideration, a copy of said resolution being attached to this stipulation as Exhibit 1. (This resolution was intended to be a part of Exhibit I to the Complaint, but was inadvertently omitted.) Pursuant to that resolution on October 7, 1950, the City of Selma conveyed said lands to the United States by Warranty Deed containing no reversion clause. (Exhibit I to the Complaint.) (All exhibits including ‘1’ attached to the complaint herein.)
“The conveyance from the City of Selma dated October 7, 1950, purported to be authorized by Act 509 (House Bill 926) (Exhibit E to the Complaint). There was no other statutory authorization under the laws of the State of Alabama for said conveyance other than Act 509 (House Bill 926).
“The United States declared Craig Air Force Base (formerly Craig Army Air Field), to be surplus property on November 1, 1977, and discontinued its use as a military airbase and, except for the deed of October 7, 1950, the reversion clause in the 1948 deed would be operative.
“3. THE QUESTION OF LAW TO BE ANSWERED.
“Did the City of Selma have the authority to execute the second deed of October 7, 1950, without additional au *283 thority of the legislature since it had on October 26,1948, already executed pursuant to said Act 509 (House Bill 926) a Quit Claim Deed with reversion clause, evidencing the governing body’s determination that a reversion clause upon discontinuance of military use of said land by the United States was deemed wise?
“This certificate has been prepared by said federal court.”
Act 509, Acts of Alabama 1947, p. 345, provides:
“Section 1. That the City of Selma, Alabama, be and it is hereby authorized and empowered to convey for a nominal consideration to the United States of America the area of land in Dallas County, Alabama known as ‘Craig Army Air Field’, by fee simple deed, (or by deed with reversion clause, on discontinuance of the use thereof for military purposes by the United States of America) as the governing body of said City of Selma, Alabama may deem wise, together with the rights of way and easements for sewerage disposal purposes, now owned by the said City of Selma, Alabama.
“Section 2. That such deed as herein authorized shall be executed on proper resolution of the governing body of the City of Selma, Alabama, by the officer or officers designated in such resolution.
“Section 3. That this Act shall be effective immediately upon its approval by the Governor of the State of Alabama.
“Approved September 30, 1947.”
The parties stipulated that “[t]here was no other statutory authorization under the laws of the State of Alabama for the City to execute the October 7, 1950 deed, other than Act 509 (House Bill 926).”
We are of the opinion that the City of Selma did not have the authority to execute the second deed dated October 7,1950. Under the Act, the City had the authority to execute only one deed. We opine that the intent of the legislature was to that effect. Surely the legislature did not intend to grant authority to execute more than one deed to accomplish only one purpose. But, even if there were any reasonable doubt about Selma having authority to execute a second deed, a strict construction of the Act requires that doubt be resolved against Selma.
In City of Tuskegee v. Sharpe, 292 Ala. 14, 288 So.2d 122 (1973), this Court, quoting State v. Homan, 38 Ala.App. 642, 92 So.2d 51 (1957), stated the rule of strict construction:
“A town is a municipal corporation with limited territory and powers. It exists only under and within its charter, viz., statutes. Its subsidiary legislation and other assertions of authority are entirely dependent upon statutory predicates. In Alabama there is no general, inherent right of local self government, Yeilding v. State, 232 Ala. 292, 167 So. 580. And (unlike the rules in respect of private corporations and the Federal Government) in construing the grant of a power the rule of strict construction applies so that if there is reasonable doubt concerning the existence of the power the doubt should be resolved against the asserted power. Dillon, Municipal Corporations 2d Ed., Vol. 1, Section 55.”
Our answer to the Certified Question is in the negative. The City of Selma could not, without additional authority, execute the October 7, 1950, deed. Having executed a deed on October 26, 1948, pursuant to Act 509, Selma’s authority under the Act was exhausted; consequently, the October 7, 1950, deed is void and without legal effect.
QUESTION ANSWERED.
BLOODWORTH, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., and MADDOX, J., dissent.