ADAMS, Justice.
This is an appeal from an order granting a writ of mandamus directed to the three city commissioners of the City of Mobile (the Commissioners), directing them to pay certain requisitions submitted for payment by the Personnel Board (the Board) of the City of Mobile. The petition was filed by the members and director of the Board when it was anticipated that the requisitions would not be paid. During the course of the litigation, the Commissioners did deny payment and the trial court caused its writ of mandamus to issue.
The focal point of this litigation concerns the eligibility of. two newly appointed Board members, Conrad Freeman and Ernest A. Rouse, to serve on that Board. On June 17, 1982, Dan Wiley, one of the Mobile Commissioners, filed a quo warranto action against all of the members of the Board, challenging the eligibility of Freeman and Rouse to serve as members, and sought to enjoin the Board from holding meetings or acting unless and until the Supervisory Committee appointed replacements for Freeman and Rouse. This suit was dismissed on procedural grounds and on July 6, 1982, two separate quo warranto actions were filed in Mobile Circuit Court, challenging the right of Freeman and Rouse to serve. One suit was against Rouse in his individual capacity only and the other suit was against Freeman in his individual capacity only. That same day, the Board unanimously adopted a resolution instructing and authorizing Milan R. Engel, attorney for the Board, and M.A. Marsal, an independent Mobile attorney, to undertake the defense of Freeman and *888 Rouse in these quo warranto proceedings. The suits, in essence, claimed that under Section VII(a) of the Laws and Rules of the Personnel Board for Mobile County, 1939 Ala. Acts 470, the Mobile County Personnel Board shall consist of 5 (five) members, and that “each member must be a resident of his respective district, as hereinafter provided, at the time of his appointment and for the duration of his term ...” and that Freeman and Rouse did not live in the districts they were appointed to serve.
These actions were tried before a jury, and the jury found that Freeman and Rouse did not reside in the Mobile districts which they were appointed to represent. As a result thereof, they were removed from the Personnel Board.
The Board, using the proper procedures, submitted a requisition to the City of Mobile for the payment of expenses incurred in defending Freeman and Rouse; the following requisitions were refused payment by the City:
1. Requisition No. 9895, $2,766.50 for legal services rendered in defending Freeman and Rouse in the first quo warranto action. This case was dismissed on July 6, 1982.
2. Requisition No. 9925, $410.40 for deposition transcripts in the July 6, 1982 actions.
3. Requisition No. 9926, $10,543.00 for legal services rendered by Engel.
4. Requisition No. 9928, $1,357.45 for transcripts of pre-trial depositions.
5. Requisition No. 9941, $209.31 for several business lunches.
6. Requisition No. 9942, $420.00 for process services.
7. Requisition No. 9962, $500.00 for the estimated cost of preparing the transcripts for the appeal by Freeman and Rouse to this court.
8. Requisition No. 9963, $50.00 for the cost of preparing the transcripts for appeal.
9. Requisition No. 9964, $11,775.00 for legal services rendered by Marsal.
The Board contends that this was the first time one of its requisitions had been refused payment by the City since the Board’s beginning in 1939. They further state that the refusal is merely a retaliatory measure designed to punish the Board because of its refusal to adopt a massive reorganization program offered and proposed by the City. The chairman of the Board at a meeting of the Board stated that the organizational plan was politically inspired and would have the effect of weakening the civil merit system to the extent that the ground work for introduction of a “spoils” system would have been laid.
Although the parties have argued three issues which they say are framed by the pleadings and evidence in this case, there really is only one dispositive issue, with one sub-issue, to be resolved. That issue is:
Does § XXX establish a mandatory duty upon the City of Mobile to pay all expenses submitted by the Personnel Board?
The sub-issue is:
Did the City, in bad faith, refuse to pay the Board’s requisitions with the purpose and intent of undermining the integrity and viability of the Civil Merit System in Mobile, Alabama?
We believe the answer to both of these questions is “no,” and we reverse the order of the trial court granting the writ of mandamus to the extent that it orders payment of requisitions where only the question of the eligibility of Freeman and Rouse to their* appointments was an issue.
Our attention must first be directed to the Laws and Rules of the Personnel Board for Mobile County, authorizing the payment of salaries and expenses. This authority is found in Section XXX of these laws and rules, which provides:
The salaries and expenses of suitable regular office quarters, and all other expenses of the Personnel Board, the Personnel Director, and all other expenses arising under the provisions hereof, unless otherwise herein provided, shall be paid by warrants or requisitions drawn *889 by the Personnel Board and signed by at least two members thereof and drawn upon the same officer and payable in the same manner out of the same fund or funds as the salaries of the members of the governing body of Mobile City are paid.
Laws and Rules of the Personnel Board for Mobile County, Alabama, § XXX, 1939 Ala. Acts 470. The Board contends that the use of the word “shall” in the above-quoted section places a mandatory duty on the part of the City to pay any and all expenses submitted by the Board. The City, on the other hand, contends that it has discretion in the payment of expenses and its failure to object to any expenses in the past is not an abrogation of its power or responsibility-
In order to determine what are proper legal expenses, we must also examine Section XXXII of the Laws and Rules of the Personnel Board of Mobile County, 1939 Ala.Acts 470. In order to arrive at the true intent of the legislature, these two sections, obviously, must be read in pari materia. Section XXXII is as follows:
LEGAL SERVICES: If this act or its enforcement by the Director or the Board shall be called into question in any judicial proceedings or if any person shall fail or refuse to comply with the lawful orders or directions of the Board, such Board may call upon the proper County or City Attorney or may employ independent counsel to represent it in sustaining this act and its enforcement. This independent counsel, if the Board by resolution so prescribes, shall be in the Unclassified Service.
Laws and Rules of the Personnel Board for Mobile County, § XXXII, 1939 Ala.Acts 470. A fair reading of Section XXXII leads us to conclude that independent counsel can be employed only in three circumstances:
1. When the act itself is called into question in any judicial proceeding;
2. When the enforcement of the act by the director or by the Board is questioned in any judicial proceeding; or
3. When any person shall fail or refuse to comply with the lawful orders and directions of the Board.
We must, of necessity, therefore, conclude that counsel fees incurred in defending Freeman and Rouse individually were beyond the power of the Board to authorize. None of the above, criteria have been met in this case. Indeed, our Constitution at Article IV, § 94, prohibits the grant of public funds for any individual purpose.[1] Brown v. Longiotti, 420 So.2d 71 (Ala.1982); State v. Homan, 38 Ala.App. 642, 92 So.2d 51 (1957); Stone v. State, 220 Ala. 437, 125 So. 653 (1929).
This court made an exception to the general rule in City of Montgomery v. Collins, 355 So.2d 1111 (Ala.1978). In Collins, the expenditure of public funds of the City of Montgomery was allowed in the defense of Montgomery police officers who had been charged with the offense of perjury in the testimony they gave the grand jury. The court said that it was in the “proper corporate interest” of the City of Montgomery to defend against these prosecutions, since they created “a risk of litigation against the City itself should the perjury prosecutions have proved successful.” Collins held:
Because a conspiracy might provide a basis for a civil cause of action, and because a municipality may be made a party defendant in such an action, it would be within the reasonable scope of “proper corporate interest” for the municipality to attempt to protect itself and its officers against future civil litigation brought under agency principles by defending their agents against criminal charges arising out of the same general *890 circumstances with the view of obtaining their acquittal.
City of Montgomery v, Collins, supra, at 1114, 1115 (citations omitted).
Our conclusion that the requisitions in this case are due not to be honored is not inconsistent with the general body of law in. this field. McQuillin, in his treatise on Corporations, said:
In order to bind the municipal corporation to pay for legal services it must appear that such services were rendered in a matter in which the corporation was interested. It is well settled that a municipality cannot provide funds for the defense of an official in a criminal action or even in a civil action where no benefit inures to the municipality. Thus, a municipal corporation has no such interest in a suit exclusively directed against its officers, charging lack of legal qualifications to hold office ..., as will authorize it to retain counsel to defend such suit, although the bill may seek to enjoin the officers from performing the functions of their offices....
10 McQuillin, Law of Municipal Corporations, § 29.14 (3rd ed. 1981).
In summary, we hold that it is the mandatory duty of the city to pay all “legal” expenses of the Board, but they are not required to pay expenses which are clearly ultra vires. Here, to pay the requisitions tendered in these suits against the individuals would clearly offend the Constitution of the state and would not serve the “corporate interests” of the Board.
The Board makes an appealing argument that the actions of the city threaten the integrity and viability of the Board itself and, therefore, that it has the inherent authorization to protect the continued existence of the civil merit system. It cites McWhorter v. Board of Registration for Professional Engineers, 359 So.2d 769 (Ala.1978); Waggoner v. Whatley, 282 Ala. 84, 209 So.2d 370 (1968); Jordan v. City of Mobile, 260 Ala. 393, 71 So.2d 513 (1954), and Heck v. Hall, 238 Ala. 274, 190 So. 280 (1939), as authority for that proposition. Buttressing this argument is the conclusion of the trial judge:
“By allowing the City to determine what requisitions should or should not be paid would, in effect, destroy the independence of the Merit System, and make the Board members puppets on a string to do the will of the members of the City Commission. If the Board did not have the right to defend a challenge of its composition, it would be at the mercy of the City Commission.”
5}C * * * * *
... Should the City be able to arbitrarily determine what expenditures of the Personnel Board should be paid, the Personnel Board would become subservient to the will of the Commissioners. Little imagination is needed to realize that such an approach would destroy the Merit System and give rebirth to the spoils system.”
These are strong arguments. The problem with them is that they have little, if any, factual support in the record. Their strongest factual support seems to come from the fact that the City did not pay the requisition arising out of the first quo war-ranto action, which not only included the individual appointees, but also sought an injunction against all of the members of the Board requiring that they not hold meetings until Rouse and Freeman were excluded. The Board attaches no little significance to the fact that this was the first time a requisition had been turned down since the beginning of the Board in 1939. This, they say, coupled with the fact that all of this occurred on the heels of the Board's rejection of the massive reorgani-zational plan of the City, can lead to but one conclusion, and that is that the City acted in bad faith.
We are well aware that there could be sufficient circumstantial evidence to reach the conclusion that the Board would like us to reach in this case. However, it is our opinion that the evidence presented in this record falls far short of reaching that mark. If the City, in the future, should pursue a systematic and persistent pattern *891 of activity calculated to destroy the civil merit system in Mobile County, then our courts would be open to redress such a claim. That claim has not been made out here.
For the foregoing reasons, the order granting the writ of mandamus directing the City to pay requisitions is hereby reversed in all respects except as to requisition number 9895 for $2,766.50 for defending Freeman and Rouse, as well as the Board, in the quo warranto proceeding that was dismissed on July 6, 1982.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON and SHORES, JJ., concur.
BEATTY, J., dissents.

. Art. IV, § 94
The legislature shall not have power to authorize any county, city, town, or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever, or to become a stockholder in any such corporation, association, or company, by issuing bonds or otherwise.