165 So.2d 406

STATE of Alabama

v.

Ozie BRADLEY.

4 Div. 190.

Supreme Court of Alabama.

June 11, 1964.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for appellant.

**620**

W. H. Baldwin, Andalusia, for appellee.

SIMPSON, Justice.

This case should properly have gone to the Court of Appeals as it was within that court's jurisdiction. We have, however, taken jurisdiction and will deliver the opinion.

The appellee, Ozie Bradley, was charged by affidavit in the Circuit Court of Covington County with the offense of obtaining property by means of a bad check. A warrant of arrest was issued pursuant to the affidavit and the appellee was arrested on August 1, 1963. Appellee filed a motion to quash the affidavit and warrant of arrest alleging that Act No. 149, Local Acts 1927, page 64, the act under which the warrant of arrest was issued, and Act No. 566, Acts of Alabama of 1959, page 1424, the Act upon which the prosecution was based, are unconstitutional. The trial court granted the motion to quash on the ground that Local Act No. 149, supra, is unconstitutional. The State brought this appeal.

Appellee argues that the motion to quash was properly granted in that Local Act No. 149, supra, violates § 5 of the Constitution of Alabama of 1901. The question is whether Act No. 149 violates the constitutional right to have an affidavit based upon probable cause. Article 1, § 5, Constitution of Alabama of 1901 provides:

"That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no warrant shall issue to search any place or to seize any person or thing *without probable cause, supported by oath or affirmation.*" (Emphasis supplied.)

Section 1 of Act No. 149 reads as follows:

"That from and after the passage of this Act prosecution of persons charged with misdemeanors in Covington County may be begun by affidavit made before the Clerk of the Circuit Court of Covington County, and that thereupon the jurisdiction of the Circuit Court of Covington County shall attach, and the same shall proceed to trial and judgment under the same rules and procedure as provided by law in misdemeanor causes."

The appellee takes the position that the affidavit and warrant of arrest were properly quashed because the local act upon which the affidavit was issued fails to provide that such affidavits must be based upon probable cause. This, he contends, is true even though in this case the affidavit itself did conform to the quoted provisions of the Constitution in language as follows:

"Before me, Curtis H. Rodgers, Clerk Circuit Court, this day personally appeared J. E. Adkinson and made oath that he has probable cause for believing and does believe that within twelve (12) months before the making of this affidavit that Ozie Bradley, whose name is otherwise unknown did obtain * * *."

■ We must disagree with the trial court and with appellee. It is true that the local act upon which the affidavit was issued is silent as to the constitutional requirement that such affidavits must be based upon probable cause. However, it is the law of this state that when a statute is silent on the subject of a constitutional mandate, the presumption is that the legislature intended for the constitutional requirement to be complied with. In this case the presumption is that the legislature intended for the affiant to make the affidavit in compliance with the Constitution, not in violation of it. In Ex parte City of Birmingham, 199 Ala. 9, 74 So. 51, we quoted with approval from Manufacturers' Light & Heat Co. v. Ott, 4 Cir., 215 F. 940:

· " 'A statute is invalid which requires something to be done which is forbidden by the Constitution, but it cannot be essential to the validity of a statute that it should enjoin obedience to the Constitution.' " (Emphasis supplied.)

See the concurring opinion by Justice McClellan in State Tax Commission v. Tennessee Coal, Iron & R. Co., 206 Ala. 355, 89 So. 179.

■ We must not be understood as holding that the motion to quash would not have been properly granted had the affidavit upon which the warrant was issued not been based upon probable cause. If that had been the case, the affidavit and warrant would have been a mere nullity and the motion would have been properly granted. Johnson v. State, 18 Ala.App. 178, 89 So. 843; Coleman v. State ex rel. Wild, 7 Ala. App. 424, 61 So. 20.

■ We make no ruling on the constitutionality of Act No. 566, Acts of Alabama 1959, that question not having been considered by the trial court.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.