218 So.2d 153

**Jerry SIMPSON**

**v.**

**STATE.**

**8 Div. 191.**

Court of Appeals of Alabama.

Jan. 21, 1969.

Gullahorn & Hare, Albertville, for appellant.

MacDonald Gallion, Atty.Gen., and Lloyd G. Hart, Asst.Atty.Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted in the County Court of Marshall County of the offense of illegal possession of prohibited liquors. Title 29, Sec. 98, Code 1940.

Trial was by the Court without a jury. Punishment was a fine of $500.00 and six months hard labor for Marshall County.

The testimony for the State was that deputies of the Sheriff of Marshall County, Stone and Bearden, executed a search warrant by searching defendant's home on December 29, 1867; that they found in the kitchen 1 pint of Vodka, 2 pints of bonded whiskey and five cans of beer. It was "state tax paid whiskey."

The search of the house revealed defendant and his wife, both fully clothed, standing in the bathtub with the shower curtain drawn around them.

Defendant's wife testified that Willie Simpson, defendant's brother, brought two pints of bonded whiskey into the house about thirty minutes before the officers

came and that the Vodka and beer belonged to her. She stated she and her husband were in the bathtub when the officers came. She guessed "You would call it hiding."

The following transpired when defense counsel objected to the introduction of the affidavit and search warrant.

"Mr. Hare: We object on the ground this is not a lawful search warrant Tommy Cole swore out. It is stated Jerry Simpson is a known bootlegger having heretofore been convicted in this county. The pleading which is the complaint does not allege prior conviction. Hence this cannot be let into evidence because this is evidence of a prior conviction. Also, on the ground there is no prior conviction.

"The Court: The court is aware of a mistake in this. Overruled. This will be accepted in evidence. Let the record show there was a conviction prior to the issuance of this search warrant which was later set aside and is not to be considered as a conviction by this Court. The testimony is not that the search warrant is incorrect. It is just that the conviction was set aside after the search warrant was issued.

"Mr. Hare: That's not the only ground of objection. That was incidental. My objection is it is not alleged in the complaint that there was. This complaint, the way it is written here, is based strictly on hearsay. It does not allege in here a prior conviction which they base the issuance of the search warrant on.

"Mr. Grass: All warrants are based on a reasonable belief a crime has been committed.

"The Court: I don't think it is needed to argue. There is nothing in the law that requires a prior conviction to be alleged. Only the fact that if it is alleged the Court has no alternative except to send him to jail.

"Mr. Hare: By accepting this in evidence you will consider it?

"The Court: The Court has already stated the prior conviction will not be considered in this case even though the search warrant was correct at that time."

The affidavit and search warrant read:

"STATE'S EXHIBIT NO. 1

AFFIDAVIT AND WRIT FOR SEARCH WARRANT

THE STATE OF ALABAMA

MARSHALL COUNTY

Before me, H. H. Conway, District Attorney of the County Court of Marshall County, personally appeared Tommy Cole who, being duly sworn, deposes and says that he has probable cause for believing and does believe that there is now stored in, or about the premises of Jerry Simpson in Marshall County, Alabama, to-wit: The residence barn, outbuildings or premises of said Jerry Simpson a still, or some device or substitute therefor to be used for the purpose of manufacturing prohibited liquors or beverages; or a quantity of prohibited liquors, contrary to law. The probable cause for believing the above arises out of the following facts, to-wit: Jerry Simpson is a known bootlegger, having heretofore been convicted in Marshall County, Alabama of illegal possession of prohibited liquors or beverages, and informant whose information and facts have on many other occasions been verified as true related to affiant that there is

now stored on said premises a quantity of prohibited liquors or beverages, contrary to law.

/s/ Tommy Cole.

Sworn to and subscribed before me this, the 29 day of Dec. 1967.

/s/ H. H. Conway
District Attorney, Marshall
County, Ala.

---

"SEARCH WARRANT

| | |
|---|---|
| THE STATE OF ALABAMA | IN THE COUNTY COURT OF MARSHALL COUNTY, ALABAMA—ALBERTVILLE DIVISION |
| MARSHALL COUNTY | |

TO THE SHERIFF OR ANY CONSTABLE OF SAID COUNTY:

Proof by affidavit having this day been made before me by Tommy Cole that he has probable cause for believing and does believe that there is now stored in, on or about the premises, to-wit: The residence, barn outbuildings or premises of Jerry Simpson in Marshall County, Alabama, a still or some device or substitute therefor to be used for the manufacture of prohibited liquors or beverages; or a quantity of prohibited liquors or beverages, contrary to law.

"You are therefore commanded in the day time to make immediate search on the premises of Jerry Simpson for the following property; a still or a device or substitute therefor, or a quantity of prohibited liquors or beverages, and if you find the same or any part thereof to bring it forthwith before the Judge of the County Court of Marshall County, at Albertville, Alabama.

Dated the 29 day of Dec., 1967.

/s/ H. H. Conway
District Attorney of
Marshall County, Ala."

---

We are of opinion the affidavit was not deficient because "based strictly on hearsay," under the rule announced in Clenney v. State, 281 Ala. 9; 198 So.2d 293.

In view of the court's statement that "the prior conviction will not be considered," nothing is presented for our review.

Argument is made in appellant's brief that: "On page two of the transcript it affirmatively appears that the search warrant was issued by the District Attorney of Marshall County, Alabama. Section 211 of Title 29, Code of Alabama 1940, (Recompiled 1958) expressly lists who has authority to issue search warrants under Title 29. The District Attorney of a County is not included among those listed, *though this point was not raised at the trial level.*" (Emphasis ours.)

Section 26 of the Act creating the County Court of Marshall County, Acts of Alabama, 1963, Vol. 1 pages 404–417, reads:

"Search Warrants: The Solicitor for the Circuit Court of Marshall County or the Deputy Solicitor of Marshall County,

shall have authority to take affidavits and issue search warrants."

Alabama Constitution of 1901, Section 105, provides that "no special, private or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, * * *."

We are of opinion that Section 229(3) Title 13, Code 1940, does not add solicitors to the list of officers who may issue search warrants under either Sec. 211, Title 29, or Section 100 of Title 15, Code.

 Whether or not there is merit in appellant's contention is not before us. The Court of Appeals cannot declare invalid an act of the legislature unless the question of its invalidity has first been submitted to the Supreme Court for determination. Section 98, Title 13, Code; State v. Homan, 38 Ala.App. 642, 92 So.2d 51.

 The Supreme Court has said it will make no ruling on the constitutionality of an Act of the legislature where the question has not been considered by the trial court. State v. Bradley, 276 Ala. 619, 165 So.2d 406.

State's witness Stone testified:

"Q. Did the defendant, Mr. Simpson, or Mrs. Simpson, say Mr. Simpson, did he make any statement to you after that?

"A. Yes, sir. He did.

"Q. Before you answer this question, did you offer him any inducement to make a statement?

"A. No, sir.

"Q. Did you tell him it was better for him if he did make one?

"A. No.

"Q. Did you tell him, promise him anything?

"A. No, sir, I didn't.

"Q. Did you threaten him?

"A. No, sir.

"Q. Did he make the statement voluntarily?

"A. Yes, sir.

"Q. What did he say?

"Mr. Hare: Objection, Your Honor.

"The Court: Sustain. I believe we will have to go into it a little more.

"Q. Did you tell him he could have an attorney present if he wanted one?

"A. No, sir. Not at that time.

"Q. Did you later tell him he had a right to have an attorney?

"A. No, sir.

"Q. Did you ask him to make a statement?

"A. No, sir, I didn't.

"Q. Did he voluntarily make a statement.

"A. Yes, sir.

"Q. All right. What did he say?

"Mr. Hare: Objection.

"The Court, overrule. The Supreme Court has not ruled yet that violating the prohibition law is a serious misdemeanor which has been the affirmation of a court decree out of this court that destroying private property is a serious misdemeanor. Therefore, we will take that as a rule of thumb and overrule.

"Q. What did he say?

"A. He said what I found was his and he had it there just to drink."

Mr. Bearden, on direct examination testified:

"Q. At the time you were there with Mr. Stone did Mr. Simpson voluntarily make any statement. Just answer yes or no?

"A. Yes sir.

"Q. All right, at the time he made that statement did you promise him anything?

"A. No, sir.

"Q. Did you tell him it would be better for him to make a statement?

"A. No, sir.

"Q. Did you threaten him?

"A. No, sir.

"Q. Did you promise him anything?

"A. No, sir. Did not.

"Q. Did you even ask him to make a statement?

"A. No, sir.

"Q. Did he make one voluntarily?

"A. Yes, sir.

"Q. What did he say?

"Mr. Hare: We object.

"The Court: Overrule.

"Q. What did he say if anything?

"A. I don't remember the exact words but it was that he had that stuff there for his own use and to drink.

"Q. Or words to that effect?

"A. Yes, sir."

There was no further testimony on the voluntariness of the confession and the state's witnesses were not cross examined by defendant.

The testimony of the officers shows that defendant's statement was volunteered and not made in answer to any questioning by them. There was no error in admitting the statement. Guenther v. State, 282 Ala. 620, 213 So.2d 679.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.